IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER AND ROGER SHULER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 6:20-cv-03281-MDH |
| JIM ARNOTT, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Birmingham Water Works Board's ("BWWB") Motion to Dismiss. (Doc. 84). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs filed the instant action against multiple individuals and entities pertaining to an alleged orchestrated and unlawful eviction of Plaintiffs from their Springfield, Missouri apartment, as well as the assault, arrest and malicious prosecution of Plaintiff Carol Shuler without probable cause. (Docs. 8, 76). Plaintiffs' Second Amended Complaint ("Complaint") alleges a variety of Section 1983 claims, including violations of the First, Fourth and Fourteenth Amendments, as well as various common law claims for defamation, abuse of process, assault and battery, trespass, invasion of privacy, negligence, infliction of emotional distress, premises liability, forcible entry and detainer, malicious prosecution, conversion, civil conspiracy, breach of contract, and failure to hire, train and supervise employees. (Doc. 76). Plaintiffs' claims generally arise from events and encounters occurring in Springfield, Missouri on September 9, 2015, between Plaintiffs, employees/agents of the Greene County Sherriff's Office, Plaintiffs' relatives, certain local attorneys and other third parties.

1

Defendant Birmingham Water Works Board is a water utility company located in Birmingham, Alabama, and conducts no business or other operations in Missouri. While Plaintiffs name BWWB as a party Defendant, Plaintiffs fail to allege any unlawful acts or omissions by BWWB in their 52-page Complaint pertaining to the events occurring in Springfield, Missouri on September 9, 2015. Instead, Plaintiffs' averments against BWWB consists of an allegation that BWWB allowed employees to wrongfully cause the water to be shut off to the Plaintiffs' Birmingham, Alabama home on or around June/July 2014.

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id.*

## DISCUSSION

At the outset, it does not appear as though this Court retains subject matter jurisdiction over Plaintiffs' claims against BWWB. All of the claims brought are state law claims, with the exception of a federal civil conspiracy claim under § 1983 that Plaintiffs allege against all defendants. This claim does not hold water, as BWWB is undoubtedly not a "state actor" for

purposes of an § 1983 claim, and Plaintiffs make no specific allegations that BWWB was involved with any other defendants or relevant state actors at any time pertinent to this case. *See Tower v. Glover*, 467 U.S. 914, 923, 104 S. Ct. 2820, 81 L. Ed. 2d 758 (1984); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988). "Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Manis*, 862 F.2d at 681 (citation omitted).

Furthermore, to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts "to support a reasonable inference that the defendant [] can be subjected to jurisdiction within the state." *Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir. 2004). Personal jurisdiction in a diversity case exists "only to the extent permitted by the longarm statute of the forum state and by the Due Process Clause." Id. at 1073. "Missouri's long-arm statute authorizes personal jurisdiction over defendants who, *inter alia*, transact business [or] make a contract … within the state." *Viasystems, Inc. v. EBM-Papst St. Georgen GmBH & Co*., 646 F.3d 589, 593 (8th Cir. 2011)(citing Mo.Rev.Stat. § 506.500.1).

Due process requires that the defendant purposely establish "minimum contacts" in the forum State such that asserting personal jurisdiction and maintaining the lawsuit gains the defendant does not offend "traditional concepts of fair play and substantial justice" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464, 474-477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The defendant must have engaged in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id*. at 475. This purposeful availment requirement is met where the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being

3

haled into court there." *Id*. at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

The Eighth Circuit considers five factors when determining whether sufficient minimum contacts exist for personal jurisdiction: "(1) the nature and quality of the contacts with the forum State; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 593 (8th Cir. 2011).

Plaintiffs' Complaint fails to allege any facts demonstrating that this Court has personal jurisdiction over the BWWB. BWWB is a water utility company with its principal place of business in Birmingham, Alabama. BWWB has never conducted any business in Missouri. Plaintiffs fail to articulate any facts which demonstrate any minimum contacts or activities by BWWB with the State of Missouri which would confer jurisdiction over BWWB in Missouri. Rather, Plaintiffs' pleadings have offered the conclusory statement that jurisdiction is proper in Missouri because "Water Works, at the direction of Spartan Value Investors, caused unlawful conduct with Carol Shuler, causing her to frantically contact her husband who was residing in Missouri at the time…" (Doc. 58, ¶3). However, any alleged wrongful conduct (which is disputed) causing Plaintiff to make a phone call to another State merely because her husband currently resides there falls far short of the minimum contacts or threshold for establishing personal jurisdiction over BWWB. Plaintiffs offer no facts or other justifiable basis for finding that BWWB conducted any activities in Missouri or had sufficient contacts with Missouri to reasonably anticipate being haled into court in Missouri. As such, Plaintiffs' claims against BWWB is dismissed for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant Birmingham Water Works Board's Motion to Dismiss (Doc. 84) is **GRANTED**, and the Plaintiffs' Second Amended Complaint is dismissed against Defendant.

**IT IS SO ORDERED.**

Dated: January 18, 2022

        */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**