IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER AND ROGER SHULER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 6:20-cv-03281-MDH |
| JIM ARNOTT, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendants Craig Lowther ("Lowther") and Lowther Johnson Attorneys at Law, LLC[1] ("Lowther Johnson") misidentified as Lowther Johnson Law Firm's Motion to Dismiss (Doc. 100). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs filed the instant action against multiple individuals and entities pertaining to an alleged orchestrated and unlawful eviction of Plaintiffs from their Springfield, Missouri apartment, as well as the assault, arrest and malicious prosecution of Plaintiff Carol Shuler without probable cause. (Docs. 8, 76). Plaintiffs' Second Amended Complaint ("Complaint") alleges a variety of Section 1983 claims, including violations of the First, Fourth and Fourteenth Amendments, as well as various common law claims for defamation, abuse of process, assault and battery, trespass, invasion of privacy, negligence, infliction of emotional distress, premises liability, forcible entry and detainer, malicious prosecution, conversion, civil conspiracy, breach of contract, and failure to hire, train and supervise employees. (Doc. 76). Plaintiffs' claims generally arise from events

---
[1] The Court notes that Defendant John Housley, who was dismissed in a separate order, was an employee of Lowther Johnson. The Court found that no liability attached to Housley. Therefore, there can be no vicarious liability claims against Lowther Johnson with respect to Housley.

1

and encounters occurring in Springfield, Missouri on September 9, 2015, between Plaintiffs, employees/agents of the Greene County Sherriff's Office, Plaintiffs' relatives, certain local attorneys and other third parties.

Plaintiffs state that Lowther Johnson is a law firm; that Defendant Craig Lowther is an attorney in Springfield, Missouri; and that Defendant, John W. Housley was an attorney at Lowther Johnson (Doc. 76, ¶ 7-9). Plaintiffs then allege that on August 28, 2015, Plaintiffs received a notice to vacate/landlord execution signed by "Cowherd attorney Craig Lowther. (Doc. 76, paragraph 43). The only actions specifically attributed to Craig Lowther are those which would have occurred prior to August 28, 2015, when the Plaintiffs received the landlord execution signed by Craig Lowther.

For the purpose of statutes of limitations, the Court has made clear that Plaintiffs' Complaint is deemed to have been filed on September 4, 2020, the date on which Plaintiffs filed their motion for leave to proceed *in forma pauperis*. (Doc. 83).

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.*

The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id.*

## DISCUSSION

### § 1983 Claims

Plaintiffs have filed seven § 1983 claims against Defendants—Count One (First Amendment); Count Two (Fourth Amendment); Count Four (Fourteenth Amendment); Count Five (False Arrest); and Count Six (False Imprisonment); Count Ten (Assault and Battery); Count Nineteen (Civil Conspiracy); and Count Twenty (Failure to Hire, Train, and Supervise). (Doc 76). Each of Plaintiffs' 1983 claims fail because Lowther and Lowther Johnson are not state actors. *Miller v. Compton*, 122 F. 3d 1094 (Eighth Cir. 1997). A private attorney is not a state actor under color of law within the meaning of § 1983 claims. *Polk County v. Dodson*, 454 U.S. 312, 318-319 (1981). Since Lowther and Lowther Johnson are not state actors, all of Plaintiffs § 1983 claims must be dismissed.

As part of their § 1983 claims, Plaintiffs allege conspiracy against all Defendants. Even if such a conspiracy claim exists, Plaintiffs do not plead specific facts against Lowther and Lowther Johnson showing such conspiracy. Any allegations supporting such a conspiracy action must be pled with "sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Manis v. Sterling*, 862 F. 2d 679, 681 (Eighth Cir. 1988).

The closest Plaintiffs get to making specific allegations against Lowther and Lowther Johnson are contained in parenthetical comments. Plaintiffs allege that "Defendant Cowherd (represented by Lowther Johnson) filed a baseless lawsuit" that then allowed David Shuler "to make an appearance in Cowherd's rent-and-possession case (represented by Craig Lowther, Gregory Lulich, and Lowther Johnson) against Roger and Carol;" Plaintiffs continue that David Shuler then

3

wrote a letter that "ensured that Cowherd (and the Lowther Johnson defendants) would win the rent-and-possession case…" (Doc. 76, ¶ 133). Despite the parenthetical comments, not one of these comments suggest in any way that Lowther and Lowther Johnson had any meeting of the minds with any other Defendant. Even if other Defendants had a meeting of the minds, there is not a single allegation that Lowther or Lowther Johnson knew about any alleged conspiracy.

Because Lowther and Lowther Johnson are not state actors, and because there are no specific factual allegations to support that Lowther or Lowther Johnson had a meeting of the minds with any other Defendant, all of Plaintiffs § 1983 claims and their conspiracy claim are dismissed against Defendants Lowther and Lowther Johnson.

**State Law Claims**

At the outset, the Court questions whether it is proper to exercise jurisdiction over the remaining state law claims in absence of any valid federal law claim against Defendants. However, the Court notes that the remaining claims appear to fail against Defendants as well.

Plaintiffs have not alleged that Housley was their attorney. Doc. 76. The Missouri Court of Appeals has explained that, "[g]enerally, an attorney is not liable to a third party who is not his or her client because the attorney is not in an attorney-client relationship with the third party." *Sheffield v. Matlock*, 587 S.W.3d 723, 729 (Mo. App. 2019)(citations omitted). There is an exception, literally called the "exceptional circumstances" rule, limited to intentional torts in cases involving fraud, collusion, and malicious acts. *Id*. The case of *Sheffield v. Matlock*, 587 S.W.3d 723 (Mo.App. 2019) is instructive as to this exception. In *Sheffield*, which regarded a foreclosure, the plaintiff alleged that "[a]ttorneys conducted themselves in two respects: first, they 'planned and drafted documentation for the transaction of September 12, 2014[,]' and, second, they represented their client in court 'by ejecting [plaintiff] from his home[,]' while on notice from

4

[plaintiff] that [plaintiff] claimed that the underlying contract was void [,] [and] [t]he petition does not allege any other conduct by [the attorneys]." *Id*., at 729.

The Missouri Court of Appeals explained that "[l]iberally granting [plaintiff] all reasonable inferences from these allegations, they support only that [attorneys] provided legal services in the course of representing their client…[t]hese allegations far well short of supporting any claim that [a]ttorneys engaged in any fraud, collusion, or malicious or tortious acts such that their conduct would fall within the 'exceptional circumstances' rule." *Id*. This is analogous to the case at hand.

A. **Counts Eight, Ten, and Fourteen**

Count Eight of Plaintiffs' Petition alleges defamation. Count Ten of Plaintiffs' Petition alleges assault and battery. Count Fourteen of Plaintiffs' Petition alleges infliction of emotional distress. All these counts are barred by the two-year statute of limitations. The basis for claims against Lowther and Lowther Johnson stem from activity that occurred on or before August 28, 2015. (Doc 76, ¶43). There is nothing in Plaintiffs Second Amended Complaint that alleges any action on behalf of Lowther or Lowther Johnson after August 28, 2015. The limitations period for defamation is two years. §516.140 RSMo. Likewise, any claims for assault and/or battery are also subject to a two-year statute of limitations. §516.140 RSMo.

While infliction of emotional distress may depend upon whether the allegations are based on intentional acts or negligent acts, it is clear from Plaintiffs' Petition that Plaintiffs assert intentional conduct against Defendants. As such, the two-year period limitations apply. §516.140 RSMo. See also, *K. G. v. R. T. R.,* 918 SW 2d 795 (Mo. Banc. 1996).

Any actions by Lowther or Lowther Johnson took place on or before August 28, 2015 Because the Complaint is deemed to have been filed on September 4, 2020 (Doc. 83), Plaintiffs'

5

claims for defamation, assault and battery, and intentional infliction of emotional distress are therefore dismissed against Defendants.

### B. Counts Nine, Eleven, Twelve, Thirteen, Sixteen, Eighteen, Nineteen, and Twenty

In addition to the counts which are clearly barred by the two-year statute of limitations, Plaintiffs remaining claims against Lowther and Lowther Johnson are all barred by the five-year statute of limitations. These claims include Count Nine for abuse of process, Count Eleven for Trespassing, Count Twelve for Invasion of Privacy, Count Thirteen for Personal Injury, Count Sixteen for Forcible Entry, Count Eighteen for Conversion, Count Nineteen for Conspiracy, and Count Twenty for Failure to Adequately Hire, Train and Supervise. The limitations period for each of these counts is five years. §516.120 RSMo.

According to Plaintiffs, the Notice to Vacate/Landlord Execution signed by Lowther was received by Plaintiffs on August 28, 2015. (Doc. 76, ¶ 43). Nothing in Plaintiffs' Second Amended Complaint shows that Lowther or Lowther Johnson took any action after August 28, 2015. Because Plaintiffs' Complaint was not filed until September 2020, more than five years after the last alleged actions of Lowther and Lowther Johnson, Plaintiffs' counts contained in their Complaint are barred by the five-year statute of limitations. Accordingly, all state law claims asserted against Defendants are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Lowther and Lowther Johnson's Motion to Dismiss (Doc. 100) is **GRANTED**, and the Plaintiffs' Second Amended Complaint is dismissed against Defendants.

**IT IS SO ORDERED.**

Dated: January 19, 2022                                    */s/ Douglas Harpool*
                                                           **DOUGLAS HARPOOL**
                                                           **United States District Judge**