# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER AND ROGER SHULER, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    Case No. 6:20-cv-03281-MDH <br> ) |
| JIM ARNOTT, et al., | ) <br> ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Linda Thomas' Motion to Dismiss. (Doc. 96). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs filed the instant action against multiple individuals and entities pertaining to an alleged orchestrated and unlawful eviction of Plaintiffs from their Springfield, Missouri apartment, as well as the assault, arrest and malicious prosecution of Plaintiff Carol Shuler without probable cause. (Docs. 8, 76). Plaintiffs' Second Amended Complaint ("Complaint") alleges a variety of Section 1983 claims, including violations of the First, Fourth and Fourteenth Amendments, as well as various common law claims for defamation, abuse of process, assault and battery, trespass, invasion of privacy, negligence, infliction of emotional distress, premises liability, forcible entry and detainer, malicious prosecution, conversion, civil conspiracy, breach of contract, and failure to hire, train and supervise employees. (Doc. 76). Plaintiffs' claims generally arise from events and encounters occurring in Springfield, Missouri on September 9, 2015, between Plaintiffs, employees/agents of the Greene County Sherriff's Office, Plaintiffs' relatives, certain local attorneys and other third parties.

1

Plaintiffs assert claims against Thomas for Defamation (Count Eight), Abuse of Process (Count Nine), "Invasion of Privacy and Identity Theft" (Count Twelve), Malicious Prosecution (Count Seventeen), and Civil Conspiracy (Count Nineteen). Plaintiffs do not refer to Thomas once in the 41-paragraph "Factual Allegations" section of Plaintiffs' Second Amended Complaint. *See* (Doc. 76, ¶¶ 28-68). Plaintiffs do occasionally reference groups of defendants, of which Thomas is included, in Counts Eight, Nine, Twelve, Seventeen, and Nineteen. Overall, it appears that each of Plaintiffs' claims against Thomas relate to her alleged filing of a conservatorship and guardianship lawsuit on behalf of a client. *See, e.g.*, (Doc. 76, ¶ 101).

For the purpose of statutes of limitations, the Court has made clear that Plaintiffs' Complaint is deemed to have been filed on September 4, 2020, the date on which Plaintiffs filed their motion for leave to proceed *in forma pauperis*. (Doc. 83).

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id*. The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id*.

## DISCUSSION

### Federal Claims

**A. Count Nineteen (Civil Conspiracy)**

The elements of a § 1983 conspiracy claim are: "(1) that the defendant conspired with others to deprive (the plaintiff) of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (citation omitted). Section 1983 conspiracy claims also require "allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lee*, 595 F.3d 868, 870 (8th Cir. 2010).

Plaintiffs allege, in conclusory fashion, "All defendants, possibly others, reached an agreement to accomplish an unlawful purpose, to punish Roger Shuler for practicing journalism and Carol Shuler for being married to a journalist." (Doc. 76, ¶ 132). Plaintiffs then go on to provide a lengthy description of the alleged conspiracy. (Doc. 76, ¶ 133).

The two-plus page paragraph purporting to describe the alleged conspiracy does not mention Thomas. *See* (Doc. 76, ¶ 133). Plaintiffs do not allege "specific facts" showing a "meeting of the minds" between Thomas and any of the alleged co-conspirators. What "factual allegations" Plaintiffs do provide do not directly or even indirectly suggest Thomas had any role in the alleged conspiracy. Again, the only conduct of Thomas described in Plaintiffs' Second Amended Complaint is her alleged filing of a lawsuit on behalf of a client.

Thus, Plaintiffs' civil conspiracy claim fails to state a claim for which relief can be granted. *See Murray*, 595 F.3d at 870 ("The factual allegations in Mr. Murray's complaint do not directly or indirectly suggest such a "meeting of the minds" between Ms. Steele or the DSS director and

any other alleged conspirator, and so the district court correctly decided that Mr. Murray failed to state a claim under § 1983."). Count Nineteen is dismissed against Defendant Thomas.

## State Law Claims

At the outset, the Court questions whether it is proper to exercise jurisdiction over the remaining state law claims in absence of any valid federal law claim against Defendant. However, the Court notes that the remaining claims appear to fail against Defendant as well.

### B. Count Eight (Defamation)

The statute of limitations for defamation claims is two years. *See* Mo. Rev. Stat. § 516.140; *Snelling v. Kenny*, 491 S.W.3d 606, 615 (Mo. App. E.D. 2016). Though it is difficult to determine the particular conduct of Thomas upon which Plaintiffs base their defamation claim, the only alleged conduct of Thomas referenced in Plaintiffs' Second Amended Complaint appears to relate to a lawsuit allegedly filed on September 29, 2015. *See* (Doc. 76, ¶ 101) ("Paul Shuler (likely with help from David Shuler) and defendant Thomas caused a baseless INP & DIS lawsuit to be filed, claiming the Shulers could not manage their own affairs and essentially seeking to make them wards of the state via a conservator."); *see also* (Doc. 76, ¶ 59) (alleging the lawsuit was filed on September 29, 2015). Plaintiffs allege the lawsuit was dismissed on or about March 28, 2016. *See* (Doc. 76, ¶¶ 59-60). Plaintiffs' Second Amended Complaint attributes no other statements to Thomas.

Plaintiffs' original Complaint was deemed filed on September 4, 2020, more than two years after any allegedly defamatory statements attributed to Thomas. Thus, from the face of Plaintiffs' Second Amended Complaint, Plaintiffs' defamation claim against Defendant Thomas is barred by the two-year statute of limitations for defamation claims found in Mo. Rev. Stat. § 516.140, and Plaintiffs' defamation claim is dismissed as to Defendant Thomas.

C. **Count Nine (Abuse of Process)**

Plaintiffs seemingly base their abuse of process claim on Thomas' filing of the aforementioned conservatorship/guardianship lawsuit on behalf of her client, Paul Shuler. *See* (Doc. 76, ¶¶ 59, 106-107). "The general rule is that no right of action exists for damages resulting from the initiation of a civil action, unless the action was prosecuted maliciously and without probable cause or there was an abuse of process." *Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269, 277 (Mo. banc 2019) (citation omitted).

To plead a claim for abuse of process, the plaintiff must set forth the ultimate facts establishing the following three elements: (1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an improper purpose in pursuing the improper use of process; and (3) damages resulted. *See Suppes v. Curators of Univ. of Missouri*, 613 S.W.3d 836, 854 (Mo. App. W.D. 2020).

With respect to the first element, "use of process," the test for liability in an abuse-of-process claim is whether the process was used to accomplish an unlawful end or to compel the opposite party to do some collateral thing that it could not be legally compelled to do. *Trustees of Clayton Terrace*, 585 S.W.3d at 278. There is no liability for abuse of process when a party has done nothing more than pursue a lawsuit to its authorized conclusion, regardless of how evil a motive he possessed in initiating the process. *Pipefitters Health & Welfare Trust v. Waldo R., Inc.*, 760 S.W.2d 196, 198-99 (Mo. App. E.D. 1988). "If the action is confined to its regular and legitimate function in relation to the cause of action in the complaint there is no abuse even if the plaintiff had an ulterior motive in bringing the action, or if he knowingly brought suit upon an unfounded claim." *Wells v. Orthwein*, 670 S.W.2d 529, 532 (Mo. App. E.D. 1984)

5

Additionally, absent exceptional circumstances involving intentional torts such as fraud or collusion, an attorney is generally not liable to a third party who is not his or her client. *See id.* at 854. Here, even a liberal reading of Plaintiffs Second Amended Complaint supports only that Thomas provided legal services for her client, Paul Shuler. These allegations fall short of supporting any claim that (Thomas) engaged in any fraud, collusion, or intentional torts such that her conduct would fall within the 'exceptional circumstances' rule. *See id.* Plaintiffs' have failed to plead a viable claim for abuse of process against Thomas, and Count Nine is dismissed against Defendant Thomas.

### D. Count Twelve (Invasion of Privacy and Identity Theft)

In Count Twelve, Plaintiffs allege "Thomas caused an invasion into Roger Shulers private health records." (Doc. 76, ¶ 116). Plaintiffs allege this "invasion" took place during the pendency of the aforementioned lawsuit, which was pending from September 29, 2015 to March 28, 2016. *See* (Doc. 76, ¶¶ 59-60). Plaintiffs also plead that this "invasion" included "a false notation re: 'delusional disorder' to be placed in the file." (Doc. 76, ¶ 115).

To the extent that Count Twelve purports to assert a claim for "false light" invasion of privacy in the vein of defamation, the statute of limitations is two years.2 *Sullivan v. Pulitzer Broad. Co.*, 709 S.W.2d 475, 481 (Mo. 1986) (finding arguments insufficient to justify treating the claim as anything other than a defamation action, and because the action was instituted well after the running of the statute of limitations for a defamation, the trial court properly dismissed the suit). Any such claim contained within Count Twelve is barred by the statute of limitations and should be dismissed because Plaintiffs' original complaint was not filed until September 4, 2020.

To the extent Plaintiffs attempt to state a claim for intrusion upon seclusion, they must plead and prove: "(1) the existence of a secret and private subject matter; (2) a right in the plaintiff

6

Case 6:20-cv-03281-MDH    Document 138    Filed 01/19/22    Page 6 of 8

to keep that subject matter private; and (3) the obtaining by the defendant of information about that subject matter through unreasonable means." *Crow v. Crawford & Co.*, 259 S.W.3d 104, 120 (Mo. App. E.D. 2008).

Plaintiffs' claim against Thomas is based on an alleged "invasion into Roger Shulers private health records." *See* (Doc. 76, ¶ 116). Plaintiffs fail to state a claim for which relief can be granted because they do not allege Thomas employed "unreasonable means" to obtain such information. Aside from innuendo and conclusory allegations that the "intrusion" was "unlawful," Plaintiffs fail to describe the means by which they allege Thomas, as opposed to other defendants, "invaded" Roger Shuler's "private health records." A complaint must contain more than conclusions and speculation to survive a motion to dismiss. *See Agnew v. St. Louis County*, 504 F.Supp.3d 989, 996 (E.D. Mo. 2020). Count Twelve fails to state a claim against Thomas for intrusion upon seclusion, and it is dismissed against her.

E. **Count Seventeen (Malicious Prosecution)**

The statute of limitations for malicious prosecution claims is two years. Mo. Rev. Stat. § 516.140. A claim for malicious prosecution accrues when the underlying proceeding is terminated in the plaintiff's favor. *Doyle v. Crane*, 200 S.W.3d 581, 586 (Mo. App. W.D. 2006). Plaintiffs again base this claim on the aforementioned lawsuit, which was pending from September 29, 2015 to March 28, 2016. *See* (Doc. 76, ¶¶ 59-60, 127-28). Because Plaintiffs' claim was filed more than two years after termination of the underlying lawsuit, it is time barred and is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Thomas' Motion to Dismiss (Doc. 96) is **GRANTED**, and the Plaintiffs' Second Amended Complaint is dismissed against Defendant.

7

**IT IS SO ORDERED.**

Dated: January 19, 2022                             */s/ Douglas Harpool*
                                                    **DOUGLAS HARPOOL**
                                                    **United States District Judge**