IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER AND ROGER SHULER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 6:20-cv-03281-MDH |
| JIM ARNOTT, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Greene County and John Housley's Motion to Dismiss (Doc. 88). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs filed the instant action against multiple individuals and entities pertaining to an alleged orchestrated and unlawful eviction of Plaintiffs from their Springfield, Missouri apartment, as well as the assault, arrest and malicious prosecution of Plaintiff Carol Shuler without probable cause. (Docs. 8, 76). Plaintiffs' Second Amended Complaint ("Complaint") alleges a variety of Section 1983 claims, including violations of the First, Fourth and Fourteenth Amendments, as well as various common law claims for defamation, abuse of process, assault and battery, trespass, invasion of privacy, negligence, infliction of emotional distress, premises liability, forcible entry and detainer, malicious prosecution, conversion, civil conspiracy, breach of contract, and failure to hire, train and supervise employees. (Doc. 76). Plaintiffs' claims generally arise from events and encounters occurring in Springfield, Missouri on September 9, 2015, between Plaintiffs, employees/agents of the Greene County Sherriff's Office, Plaintiffs' relatives, certain local attorneys and other third parties.

1

Taking Plaintiffs' allegations as true, they lived in the State of Alabama for 27 years and were politically persecuted in that state by persons other than the Moving Defendants in retaliation for Roger posting material on his blog, *Legal Schnauzer*. Doc. 76, para. 29. Plaintiffs moved to Springfield, Missouri to avoid political persecution and because their Alabama home was foreclosed. *Id*., para. 29-30. In Springfield, both Plaintiffs were treated at Burrell Health Services and diagnosed with post-traumatic stress disorder. *Id*., para. 36. Roger's mother agreed to pay the rent for a duplex for Roger and Carol. *Id*., para. 37. In June of 2015, Roger's brother David Shuler told him that the landlord was willing to enter a new lease. *Id*., para. 41.

On July 2, 2015, a notice was taped to Plaintiffs' door telling them to vacate. *Id*., para. 42. In August of 2015, Plaintiffs received notice of a rent and possession lawsuit being filed against them. *Id*., para. 43. On August 12, 2015, two employees of Burrell called 911 and reported that Roger had threatened to shoot officers in any attempted eviction and that Roger had a gun. *Id*., para. 46. On August 31, 2015, the court in the rent and possession case ruled in favor of the landlord for both rent and possession. *Id*, para. 44. On September 2, 2015, David Shuler sent an email to Roger stating that Harrison had said that a dispatcher had reported that Roger called 911 and threatened to shoot anyone who attempted to evict the Plaintiffs. *Id*., para. 45. This email was inaccurate, because it was two Burrell employees, not Roger, who had called 911. *Id*., para. 46.

Plaintiffs received notice that eviction was scheduled for September 9, 2015. *Id*., para. 42-3. Moving Defendant Housley, an attorney at the law firm of Lowther Johnson, acting in an advisory role to the Greene County Sheriff's Office, gave the go-ahead to proceed with the eviction. *Id*., para. 9, 50. On September 9, 2015, at approximately 2pm, Sheriff Arnott, along with Harrison, Lynn, plus other officers, burst into Plaintiffs' apartment. *Id*., para. 49. Harrison pointed an assault rifle at Roger. *Id*., para. 49. Lynn handcuffed Carol and someone slammed Carol into

2

the wall. *Id*. Sheriff Arnott handcuffed Roger. *Id*., para. 50. Carol then went in and out of the apartment to place personal items in the trunk of Plaintiffs' vehicle, but as she approached the apartment, Wade and Harrison blocked her path. *Id*., para. 51. An unknown officer approached Carol from behind and slammed her to the ground, then grabbed both of her arms and broke one of them. *Id*., para. 51. Carol was arrested and taken away in a squad car, and Roger was let go. *Id*., para. 51, 54. By the next morning, September 10, 2015, Carol had been let go and reunited with Roger at a hospital. *Id*., para. 56-7.

For the purpose of statutes of limitations, the Court has made clear that Plaintiffs' Complaint is deemed to have been filed on September 4, 2020, the date on which Plaintiffs filed their motion for leave to proceed *in forma pauperis*. (Doc. 83).

**STANDARD**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id.*

# DISCUSSION

A. Greene County

   a.  § 1983 Claims

Plaintiffs assert several federal claims against Greene County under 42 U.S.C. § 1983—Count One (First Amendment), Count Two (Fourth Amendment), Count Three (Sixth Amendment), Count Four (Fourteenth Amendment), Count Five (False Arrest), Count Six (False Imprisonment), Count Seven (Excessive Force), Count Nineteen (Civil Conspiracy), and Count Twenty (Failure to Hire, Train, or Supervise).

Greene County argues that it should be dismissed from all of Plaintiffs' § 1983 claims because Plaintiffs have not alleged grounds to support any municipal liability claim. "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwing v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016)(citations omitted). A "policy" is an expression of a deliberate choice to adopt a guiding principle or procedure. *Id*. In contrast, "custom" requires "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entities custom, i.e., that the custom was a moving force behind the constitutional violation." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014).

Under an inadequate training theory, Plaintiffs must be able to show: (1) that training was actually inadequate, (2) the government entity was deliberately indifferent to the rights of others

in adopting those training practices, to the extent that the failure to train reflects a deliberate or conscious choice, and (3) the "alleged deficiency in the …training…actually caused the [Plaintiff's] injury." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (*quoting Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996). Moreover, there must be a patently obvious need for training, or else local government cannot have been deliberately indifferent. *Parrish*, 594 F.3d at 997-998. When the alleged right violation is patently unlawful, even a complete lack of training, on its own, is insufficient to state a municipal liability claim. *Id*. ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [local government]") (*quoting City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989) (brackets by *Parrish*)).

In order to show deliberate indifference to a training need, Plaintiffs must be able to show that, "…in light of the duties assigned to [the] specific officers…the need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers…can reasonably be said to have been deliberately indifferent to the need." *Parrish*, 594 F.3d at 998 (*quoting City of Canton*, supra, 489 U.S. at 390). "In other words, [Plaintiffs] must demonstrate that [Greene County] 'had notice … procedures were inadequate and likely to result in a violation of constitutional rights.'" *Parrish*, supra. (*quoting Andrews*, 98 F.3d at 1076)(internal citation omitted).

Furthermore, Plaintiffs must assert grounds to show Greene County exhibited "deliberate indifference to the risk that a violation of a *particular* constitutional or statutory right will follow the decision." *Id*. Plaintiffs fail to allege *any* facts to provide such grounds, and merely conclude that "Greene County was deliberately indifferent about training and supervising sheriff's office employees on the proper procedures regarding a would-be eviction and about the use of force…"

5

and that "[t]he county also failed to adequately train and supervise a circuit clerk employee who unlawfully issued a writ of execution…" Doc. 76, para. 139.

Plaintiffs failed to allege any facts to the effect that there has been a continuing, widespread, persistent pattern of similar right violations that could create a custom, nor allege facts that would support any causal relationship between any policy, or custom, of Greene County to any constitutional right violation, nor allege any facts that would put Greene County on notice of the risk that law enforcement, or anyone else, would injure Plaintiffs. Doc. 76. Accordingly, Defendant Greene County is not subject to § 1983 liability in this case.

  b. **State Law Claims**

Plaintiffs assert state law theories against Greene County in Count Eight (defamation), Count Nine (abuse of process), Count Ten (assault and battery), Count Eleven (trespassing), Count Twelve (invasion of privacy/identity theft), Count Thirteen (personal injury/negligence), Count Fourteen (infliction of emotional distress), Count Eighteen (conversion), and Count Twenty (failure to hire/train/supervise). At the outset, the Court questions whether it is proper to exercise jurisdiction over the remaining state law claims in absence of any valid federal law claim against Defendant. However, the Court notes that the remaining claims appear to fail against Defendants as well.

Defendant Greene County argues that all state law claims against the County should be dismissed because Plaintiffs have failed to specifically allege facts demonstrating waiver of sovereign immunity as to any of the asserted state law claims. "Sovereign immunity is a judicial doctrine that precludes bringing suit against the government without its consent." *Ford v. Cedar County*, 216 S.W.3d 167, 170 (Mo. App. S.D. 2006)(quoting *State ex rel. Div. of Motor Carrier and R.R. Safety v. Russell*, 91 S.W.3d 612, 615 (Mo. banc 2002). Plaintiffs bear the burden of

showing an exception to sovereign immunity applies, as "[a] party pleading an exception to a general rule of non-liability must plead the facts giving rise to the exception." *See e.g. Phelps v. City of Kansas City*, 371 S.W.3d 909, 913 (Mo. App. W. D. 2012)(*quoting Thomas v. City of Kansas City*, 92 S.W.3d 92, 101 (Mo. App. W.D. 2002)). Pursuant to § 537.610.1, RSMo.,

Missouri public entities may consent to waive sovereign immunity by purchasing liability insurance that covers tort claims, but such waiver, if any, is limited to the extent of coverage. Courts strictly construe statutory provisions that waive a public entity's sovereign immunity. *Maune ex rel. Maune v. City of Rolla*, 203 S.W.3d 802, 805 (Mo. App. S.D. 2006). "The liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief t*o specifically allege facts* establishing that an exception applies." *Boever v. Special School Dist. of St. Louis County*, 296 S.W.3d 487, 491 (Mo. App. E.D. 2009)(*quoting Best v. Schoemehl*, 652 S.W.2d 740, 743 (Mo.App.1983)(emphasis added).

In the instant case, Plaintiffs do not "specifically allege facts" that would show any waiver of sovereign immunity as to any of their state law claims, as required under Missouri law. Instead, Plaintiffs speculate that insurance might provide coverage and demand that they be allowed "to conduct discovery regarding specifics of the county's coverage." Doc. 76, para.138. Plaintiffs' admission in their complaint that they do not know the extent of coverage, if any, cannot reasonably be construed as a fact allegation that if taken as true, would demonstrate that there is coverage waiving sovereign immunity as to any of the ten state law claims asserted against Greene County. This does not comply with the pleading requirement "to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.2008). The speculative nature of Plaintiffs' allegations is further highlighted by their assertion that Greene

County might have liability insurance waiving sovereign immunity as to punitive damages (Doc. 76, para. 140), when this is not even legally possible § 537.610.3, RSMo. Therefore, all state law claims asserted against Greene County (Counts Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Eighteen, and Twenty) are dismissed against the County. Accordingly, Plaintiff's Second Amended Complaint is dismissed against Defendant Greene County.

### B. John Housley

#### a. § 1983 Claims

Plaintiffs assert federal claims against Defendant Housley in Counts One, Two, Four, Five, Six, Seven, Nineteen, and Twenty. The only fact allegations regarding Housley are that he was at all times pertinent an attorney at Lowther Johnson, who serves in an advisory role and gave the go ahead for the September 9, 2015, eviction. Doc. 76, para. 9, 50. A private attorney is not a state actor under color of law within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318-9 (1981). *See Tower v. Glover*, 467 U.S. 914, 923, 104 S. Ct. 2820, 81 L. Ed. 2d 758 (1984); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988).

However, the Court is not convinced that Housley is simply not a "state actor" given his relationship with Greene County. Still, there is no evidence or allegation that the advice Housley gave the County was wrong or otherwise defective. The allegations do not negate that the Greene County Sheriff's Department arrived at Plaintiffs' home on September 9, 2015, pursuant to a valid court order that Plaintiffs must comply with the eviction. Therefore, no facts support any federal claims against Housley or that Housley had a role in the alleged infringement of Plaintiffs' constitutional rights.

"Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Manis*, 862 F.2d at 681 (citation omitted). Here,

Plaintiffs' complaint simply does not contain any specific fact allegations to support a § 1983 conspiracy claim against Housley, a private attorney. Doc. 76. Accordingly, all § 1983 claims against Defendant Housley are dismissed.

### b. State Law Claims

Defendant Housley argues that Plaintiffs have also failed to state any claim for relief that can be granted against him under Missouri law. Plaintiffs assert state law theories against Housley in Count Eight, Count Nine, Count Ten, Count Eleven, Count Twelve, Count Thirteen, Count Fourteen, Count Sixteen, Count Eighteen, and Count Twenty. Doc. 76. At the outset, the Court questions whether it is proper to exercise jurisdiction over the remaining state law claims in absence of any valid federal law claim against Defendant. However, the Court notes that the remaining claims appear to fail against Defendants as well.

Plaintiffs have not alleged that Housley was their attorney. Doc. 76. The Missouri Court of Appeals has explained that, "[g]enerally, an attorney is not liable to a third party who is not his or her client because the attorney is not in an attorney-client relationship with the third party." *Sheffield v. Matlock*, 587 S.W.3d 723, 729 (Mo. App. 2019)(citations omitted). There is an exception, literally called the "exceptional circumstances" rule, limited to intentional torts in cases involving fraud, collusion, and malicious acts. *Id*. The case of *Sheffield v. Matlock*, 587 S.W.3d 723 (Mo.App. 2019) is instructive as to this exception. In *Sheffield*, which regarded a foreclosure, the plaintiff alleged that "[a]ttorneys conducted themselves in two respects: first, they 'planned and drafted documentation for the transaction of September 12, 2014[,]' and, second, they represented their client in court 'by ejecting [plaintiff] from his home[,]' while on notice from [plaintiff] that [plaintiff] claimed that the underlying contract was void [,] [and] [t]he petition does not allege any other conduct by [the attorneys]." *Id*., at 729.

The Missouri Court of Appeals explained that "[l]iberally granting [plaintiff] all reasonable inferences from these allegations, they support only that [attorneys] provided legal services in the course of representing their client…[t]hese allegations far well short of supporting any claim that [a]ttorneys engaged in any fraud, collusion, or malicious or tortious acts such that their conduct would fall within the 'exceptional circumstances' rule." *Id*.

The only fact allegations in the complaint that refer to Housley describe that "Housley serves in an advisory role to the Greene County Sheriff's Office, and he gave the go-ahead to proceed with the Shuler's eviction, even though there was no final eviction order from a court." Doc. 76, para. 9. This is insufficient to support the state law claims against Defendant Housley contained in Plaintiffs' Complaint. Therefore, all state claims are dismissed against Housley. Plaintiffs' Second Amended Complaint is dismissed against Defendant Housley.

## CONCLUSION

For the foregoing reasons, Defendants Greene County and John Housley's Motion to Dismiss (Doc. 88) is **GRANTED**, and all claims asserted against Defendants contained in Plaintiffs' Second Amended Complaint are dismissed against Defendants.

**IT IS SO ORDERED.**

Dated: January 19, 2022                 */s/ Douglas Harpool*
                                                                      **DOUGLAS HARPOOL**
                                                                      **United States District Judge**