# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER AND ROGER SHULER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 6:20-cv-03281-MDH ) |
| JIM ARNOTT, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendants[1] Trent Cowherd ("Mr. Cowherd") and Cowherd Construction Company, Inc.'s (misidentified as Trent Cowherd Construction) (hereinafter "Cowherd Construction") Motions to Dismiss. (Docs. 104, 107). For the reasons set forth herein, the Motions are **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiffs filed the instant action against multiple individuals and entities pertaining to an alleged orchestrated and unlawful eviction of Plaintiffs from their Springfield, Missouri apartment, as well as the assault, arrest and malicious prosecution of Plaintiff Carol Shuler without probable cause. (Docs. 8, 76). Plaintiffs' Second Amended Complaint ("Complaint") alleges a variety of Section 1983 claims, including violations of the First, Fourth and Fourteenth Amendments, as well as various common law claims for defamation, abuse of process, assault and battery, trespass, invasion of privacy, negligence, infliction of emotional distress, premises liability, forcible entry and detainer, malicious prosecution, conversion, civil conspiracy, breach of contract, and failure

---

[1] Plaintiffs allege the same claims against Trent Cowherd and Cowherd Construction and make no other distinction between the two or their actions, other than naming them as separate defendants.

1

to hire, train and supervise employees. (Doc. 76). Plaintiffs' claims generally arise from events and encounters occurring in Springfield, Missouri on September 9, 2015, between Plaintiffs, employees/agents of the Greene County Sherriff's Office, Plaintiffs' relatives, certain local attorneys and other third parties.

Plaintiffs' claims arise out of eviction proceedings that awarded judgment in Trent Cowherd's favor, permitting Mr. Cowherd to evict Plaintiffs from certain premises Mr. Cowherd and/or Cowherd Construction (collectively, "Cowherd") owned, and ultimately the Plaintiffs' eviction from those premises.

Plaintiffs allege they signed a lease to rent premises owned by Cowherd in July of 2014. (Doc. No. 76, ¶ 26). The lease was co-signed by a family member. (Doc. No. 8 ¶ 34). The co-signor passed away, and in June of 2015, Plaintiffs claim they learned Cowherd was willing to continue to rent the premises to Plaintiffs but would require Plaintiffs to sign a new lease. (*Id.* at ¶ 38). Plaintiffs evidently were unwilling or otherwise failed to sign a new lease, based on their belief that their current lease would simply continue. (*Id*).

Plaintiffs claim that on July 2, 2015, a notice was taped to the premises door instructing them to vacate. (*Id.* at ¶ 39). In August of 2015, Plaintiffs were served with notice of the rent and possession action filed by Cowherd against them. (*Id.* at ¶ 40). On August 31, 2015, judgment for both rent and possession was entered in favor of Cowherd, ordering Plaintiffs to vacate by September 9, 2015. (*Id.* at ¶ 41).

According to Plaintiffs, on or about August 12, 2015, employees with the Burrell Behavioral Health institution called 911 to report that Plaintiff Roger Shuler "had threatened to shoot officers in any attempted eviction and that he had a gun." (Doc. No. 8, ¶ 43). On September 9, 2015, members of the Greene County Sheriff's Department effected the eviction of Plaintiffs

from the premises. Plaintiff Carol Shuler's assault on law enforcement officers during the eviction process ultimately resulted in her being criminally charged for her conduct on September 9, 2015. (*See* Doc. No. 8, ¶ 56).

For the purpose of statutes of limitations, the Court has made clear that Plaintiffs' Complaint is deemed to have been filed on September 4, 2020, the date on which Plaintiffs filed their motion for leave to proceed *in forma pauperis*. (Doc. 83).

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id.*

## DISCUSSION

A. **Statutes of limitations argument**

For the purpose of statutes of limitations, the Court has made clear that Plaintiff's Complaint is deemed to have been filed on September 4, 2020, the date on which Plaintiffs filed their motion for leave to proceed *in forma pauperis*. (Doc. 83). Still, Defendants choose to argue that the Complaint must be dismissed because it was formally filed on January 29, 2021.

Defendants argue that the Court erred in deeming Plaintiffs' Complaint to have been filed on September 4, 2020—the date Plaintiffs filed their motion to proceed *in forma pauperis*.

While Defendants are correct that tolling is a matter of state law, the issue as to when the Plaintiffs' original Complaint was deemed filed is a matter for the District Judge. Apart from Plaintiffs' delay in filing their Complaint, Defendants appear to argue that even if Plaintiffs had filed their Complaint immediately upon the Court granting their motion for leave to proceed *in forma pauperis*, the Complaint could not have been deemed to have been filed on the date the IFP motion was filed. Therefore, Defendants are simply arguing that the Court cannot use the September 4, 2020, IFP motion as the date the Complaint is deemed filed. Considering that the Court is not "tolling" the statutes of limitations, Defendants provide no argument as to how the Court has improperly deemed the Complaint to be filed on September 4, 2020.

The local rules for the Western District of Missouri provide that, in a case where a party files a motion for leave to file: "[i]f the Court grants the motion, the moving party must file and serve the pleading within 7 days after the Court grants the motion, or as the Court otherwise directs." While admittedly, the Plaintiffs did fail to meet the Court's original 10-day directive, Plaintiffs did comply with the Court's subsequent show cause order. (Doc. 7). *See also*, *Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir.1987) (holding that the district judge did not abuse his discretion by deeming a complaint to be filed on the date the accompanying IFP motion was filed where the local rules provided that the district judge may "otherwise direct" when the complaint should be deemed filed.).

It is clear that Plaintiffs believed their Complaint to have been filed with their IFP motion because the Complaint was required to be filed alongside it. While this does not excuse Plaintiffs from their responsibilities to follow Court orders and conduct their actions in a timely manner, the

Court does note the *pro se* status of Plaintiffs and the special considerations that come with that. As such, the Court used its discretion to deem that Plaintiffs' *pro se* Complaint to be filed on September 4, 2020.

### B. Failure to effect timely service argument

Defendants' other argument in the instant Motion to Dismiss is that this case should be dismissed because Plaintiffs failed to timely serve Defendants as required by Fed. R. Civ. P. 4(m). Plaintiffs did not obtain service on any of the Moving Defendants within 90 days of either September 4, 2020 (the filing of Plaintiffs' *in forma pauperis* motion) or January 29, 2021 (the date the complaint was docketed). Defendants argue that Rule 4(m) mandates this Court to dismiss this case.

However, "under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996). To warrant a discretionary extension, the plaintiff must establish excusable neglect. *See Colasante v. Wells Fargo Corp.,* 81 Fed.Appx. 611, 613 (8th Cir.2003) (per curiam) (unpublished) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002)).

Because Plaintiffs' failure to serve Defendants within 90 days did not prejudice any defendant, the running of statutes of limitations, and the *pro se* status of Plaintiffs, the Court exercises its discretion to apply a discretionary extension of the service time limit. *See, e.g.,* Rule 4, Advisory Committee Note to the 1993 Amendments, Subdivision (m) (discretionary relief may be justified if the statute of limitation would bar the refiled action); *Horenkamp v. Van Winkle and*

5

*Co.,* 402 F.3d 1129, 1133 (11th Cir.2005) (finding notice to defendant, subsequent service and the running of the statute of limitation warranted discretionary extension); *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002) (evaluating whether actual notice, prejudice to the defendant and the effect of the statute of limitation running required a discretionary extension); *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1306 (3d Cir.1995) (holding "a district court may not consider the fact that the statute of limitation has run until after [the court] has conducted an examination of good cause"). Therefore, Plaintiffs' Second Amended Complaint is not dismissed for failure to comply with Fed. R. Civ. P. 4(m).

**C. § 1983 Claims**

Plaintiffs have asserted several §1983 claims (Counts One, Two, Four, Five, Six, Nineteen, and Twenty) against Defendants Mr. Cowherd and Cowherd Construction. All of Plaintiffs' §1983 claims against Defendants Cowherd fail because they were not state actors, nor were they acting "under the color of state law" during the events alleged in Plaintiffs' Second Amended Complaint.

"Under 42 U.S.C. §1983, a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law*." Smith v. Hilltop Basic Resources, Inc.,* 99 Fed. Appx. 644, 648 (6th Cir. 2004). In *Sabir v. Whittier Alliance*, the Eighth Circuit provided the definition of a "state actor": "(a) private party is considered a state actor if the alleged deprivation was 'caused by the exercise of some right or privilege created by the (s)tate or by a rule of conduct imposed by the state or by a person for whom the (s)tate is responsible.'" *Sabri v. Whittier Alliance*, 833 F.3d 995 (8th Cir. 2016). Additionally, the "under-color-of-state-law element of §1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Carlson v. Roetzel*

6

& Andress, 552 F.3d 648, 650 (8th Cir. 2008), citing *Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007).

Defendants Cowherd are private parties. In the instant case, they were not exercising any right or privilege created by the State of Missouri and the State of Missouri did not impose any rule of conduct on them impacting their actions toward Plaintiffs. In addition, the "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Id*. Cowherd are not "state actors" for the purposes of a § 1983 claim, and all of Plaintiffs' § 1983 claims (contained in Counts One, Two, Four, Five, Six, Nineteen, and Twenty) against Cowherd Construction are dismissed.

### D. State Law Claims

Plaintiffs also asserts state claims of defamation (Count Eight), abuse of process (Count Nine), assault and battery (Count Ten), trespass (Count Eleven), invasion of privacy (Count Twelve), personal injury/negligence (Count Thirteen), intentional infliction of emotional distress (Count Fourteen), premises liability (Count Fifteen) forcible entry (Count Sixteen), conversion (Count Eighteen), and failure to adequately hire, train, and supervise employees (Count Twenty) against Defendants Cowherd.

At the outset, the Court questions whether it is proper to exercise jurisdiction over the remaining state law claims in absence of any valid federal law claim against Defendant. However, the Court notes that the remaining claims appear to fail against Defendant as well.

#### a. Count Eight (Defamation)

Plaintiffs have claimed, under Count Eight of their Second Amended Complaint, that Cowherd, along with many others, "caused false statements to be published about (Plaintiffs), causing damage to their reputations. The statute of limitations for libel and slander under Missouri

7

law is two years. Mo. Rev. Stat. §516.140. Thus, this cause of action would have been required to have been filed prior to September 9, 2017. Therefore, Count Eight is dismissed against Defendants.

### b. Count Nine (Abuse of Process)

Plaintiffs allege that the Defendants somehow all together caused legal process to be "issued for an ulterior motive" in this Count, but do not say anything with regard to what Cowherd did or failed to do in this regard. Defendants assert that, in three paragraphs devoid of facts, the plaintiffs make suppositions and general allegations, while never once naming Cowherd or identifying behavior or action of Cowherd that states a claim for relief. The Court agrees and Count Nine is dismissed against Defendants Cowherd for failure to state a claim.

### c. Count Ten (Assault and Battery)

Plaintiffs assert a cause of action for assault and battery in Count Ten of their Second Amended Complaint. Under this Count, Plaintiffs allege that Defendants "touched Roger and Carol Shuler in rudeness and anger . . . (or caused them to be touched in such a manner), constituting assault and battery under Missouri law." (Doc. 76, ¶109). These allegations appear, on their face, to be related to the allegations surrounding the eviction of Plaintiffs that occurred on September 9, 2015. Under Missouri law, the statute of limitations for assault and battery is two years. Mo. Rev. Stat. §516.140. Therefore, this claim would have been required to be filed prior to September 9, 2017. Therefore, Count Ten is dismissed against Defendants.

### d. Count Eleven (Trespass)

Count Eleven asserts a claim of trespass on the part of Defendants Cowherd and multiple others. Under this Count, Plaintiffs claim that Defendants "entered the Shulers' residence without being licensed, privileged or invited to be there (or they helped cause said intrusion)." (Doc. 76,

8

¶111). This trespass appears to be referring to the eviction of Plaintiffs that occurred on September 9, 2015. Defendants only raise a statute of limitations argument with respect to Count Eleven. The statute of limitations for trespass in Missouri is five years, under Mo. Rev. Stat. §516.102(3). Consequently, the cause of action for Count Eleven of Plaintiffs' Second Amended Complaint was required to be filed prior to September 9, 2020. As Plaintiff's Complaint is deemed filed on September 4, 2020, (Doc. 83), Count Eleven cannot be dismissed based on the applicable statute of limitations.

### e. Count Twelve (Invasion of Privacy and Identity Theft)

Plaintiffs assert, in Count Twelve of their Second Amended Complaint, that Defendants Cowherd, along with others, "intruded on the Shulers' physical solitude or seclusion" and "caused an unlawful intrusion into Roger Shuler's private health-care records, and the intrusion even included a false notation re - 'delusional disorder' to be placed in the file." (Doc. 76, ¶114-115).

The allegation of "invasion of privacy" for intrusion into health records with a "false notation" of delusional disorder likely falls into "false light invasion of privacy," which Missouri Courts have not recognized "when the claim is nothing more than the classic defamation action where one party alleges that the other published a false accusation concerning a statement of fact." *Smith v. Humane Society of United States*, 519 S.W.3d 789, 803 (Mo. banc 2017). Courts have previously found that "a claim for false light invasion of privacy is properly dismissed if recovery should be in defamation." *Id*. As noted previously, the statute of limitations in Missouri for libel and slander/defamation is two years. Mo. Rev. Stat. §516.140.

Here, Plaintiffs do not specify the date or incident in which they are referencing in their allegations of Count Twelve. If Plaintiffs contend that an intrusion of "physical solitude" occurred during the eviction of September 9, 2015, this Count is duplicative of the Count 11 trespass. Based

on the face of the Complaint, the allegation of "unlawful intrusion into Roger Shuler's private healthcare records" pertains to the guardianship proceeding which occurred sometime between September 29, 2015, and March 28, 2016, where Plaintiffs claim to have "learned that their medical records had been released." (Doc. 76, ¶114, 115, 116, 60).

The alleged intrusion of "private healthcare records" with a "false notation of delusional disorder" falls under libel and slander, and the deadline for that claim would have expired two years after the guardianship/conservator case. The guardianship/conservator case was dismissed April 26, 2016, therefore, the deadline for this portion of Count Twelve would have been April 26, 2018 at the latest. Therefore, Count Twelve is dismissed against Defendants.

  f. **Counts Thirteen (Personal Injury/Negligence) and Fifteen (Premises Liability)**

Plaintiffs assert that Plaintiff Carol Shuler "winding up with a broken left arm, horribly bruised right arm, likely concussion, and several emotional trauma" and plaintiff Roger Shuler developing Type 2 diabetes in 2020, was somehow the result of an eviction that occurred five years earlier. The Plaintiffs allege that Defendants Cowherd had "a duty to provide a reasonably safe living environment" for the plaintiffs in their personal injury Count. They allege that Cowherd had "a duty to maintain a safe living environment, free from reasonably foreseeable hazards" in the premises liability Count.

Plaintiffs do not outline how Defendants failed to meet that purported duty. Plaintiffs appear to argue that the fact that the Plaintiffs failed to pay their rent, resulting in an eviction, and subsequent and independent actions and decisions by wholly unrelated parties, are the responsibility of Cowherd. Without further allegations establishing the existence of a duty on the part of Cowherd to protect Plaintiffs from injury or somehow the affirmative outline of the

development of a dangerous condition by Cowherd, as well as the inability of Plaintiffs to show Cowherd failed to perform a duty, and that Cowherd's failure proximately caused the Plaintiffs' injury, such a claim is insufficient. *See Berliner v. Milwaukee Elec. Tool Corp.*, 501 S.W.3d 59, 64 (Mo Ct. App. 2016). Accordingly, Counts Thirteen and Fifteen are dismissed against Defendants Cowherd.

### g. Count Fourteen (Infliction of Emotional Distress)

Count Fourteen of Plaintiffs' Second Amended Complaint alleges that Defendants "knew, or should have known, that they had no lawful grounds to enter the Shulers' residence – or to help set an unlawful eviction in motion" but "entered the residence in a SWAT-team fashion, terrorizing the Shulers in their own home and eventually causing severe physical and emotional injuries." (Doc. 76, ¶121). Here, Plaintiffs assert that defendants' "actions were negligent, reckless, wanton, and possibly intentional…" (Doc. 76, para. 122) but they also incorporate their fact allegations to the effect that they were assaulted and battered by law enforcement (*Id*. at para. 51). *Id*. at para. 121. These allegations, on their face, pertain to the eviction of September 9, 2015.

Defendants only raise a statute of limitations argument. The limitations period applicable to a claim of infliction of emotional distress depends on whether the claim is based on alleged intentional or negligent acts. *K.G. v. R.T.R.*, 918 S.W.2d 795 (Mo.banc 1996). Intentional infliction of emotional distress premised on assault or battery, as alleged by Plaintiffs, is subject to the two years limitation period of § 516.140, RSMo. K.*G. v. R.T.R.*, 918 S.W.2d at 800. To the extent Plaintiffs assert a claim for intentional infliction of emotional distress, the claim is barred by the two-year statute limitations.

To the extent Plaintiffs allege Defendants inflicted emotional distress through negligent acts, that claim is not barred. As Plaintiff's Complaint is deemed filed on September 4, 2020, (Doc.

83), infliction of emotional distress based on negligence in Count Fourteen cannot be dismissed based on the applicable five-year statute of limitations.

**Count Sixteen (Forcible Entry and Detainer)**

In Count Sixteen of Plaintiff's Second Amended Complaint, Plaintiffs allege that Defendants Cowherd, among others, "used force, strong hand, and weapons to excite fear and apprehension of danger in the Shulers, carrying away their goods and creating circumstances of terror – or they helped set such events in motion." (Doc. 76, ¶125). Plaintiffs state that "Defendants either actively participated in such forcible entry or created circumstances that caused such entry to happen. The Shulers continue to experience physical, emotional, and financial damages due to defendants' forcible entry and abusive actions inside their home." (Doc. 76, ¶125).

Count Sixteen is duplicative of Counts Ten, Eleven, Thirteen, and Fourteen, as it contains allegations of assault and battery (Count Ten), trespass (Count Eleven), personal injury (Count Thirteen), and emotional distress (Count Fourteen) relating to the same alleged facts.

In addition to the claims previously listed, there appears to be a claim for theft. In Missouri, for misdemeanor theft, the statute of limitations is one year, three years for felony theft. The incident at hand occurred on September 9, 2015. As a result, the statute of limitations would have run, at the latest, on September 9, 2018. Accordingly, the statute of limitations has expired, and Count Sixteen against Defendants Cowherd is dismissed.

h. **Count Eighteen (Conversion)**

Count Eighteen asserts a cause of action for conversion "via Missouri State Law," alleging that Defendants Cowherd, as well as various others, "participated in a scheme to take the Shulers' personal property and convert it to their own use." (Doc. No. 8 at p. 30, ¶ 104). By express incorporation, the allegations clearly refer to the eviction event that occurred on September 9,

12

Case 6:20-cv-03281-MDH   Document 140   Filed 01/20/22   Page 12 of 14

2015. (*See* Doc. No. 8 ¶¶ 45-49, 64). Defendants only raise a statute of limitations argument. The limitations period for taking personal property under Missouri law is five years. RSMo. § 516.120(3). As Plaintiffs' Complaint is deemed filed on September 4, 2020, (Doc. 83), Count Eighteen cannot be dismissed based on the applicable statute of limitations.

### i. Count Twenty (Failure to Adequately Hire, Train, and Supervise)

In Count Twenty, Plaintiffs assert a claim under both § 1983 and state law that Defendants failed to adequately hire, train, and supervise employees. Any claim under § 1983 is dismissed because Defendant is not a "state actor", as discussed above. Plaintiffs accuse Cowherd of allowing "employees under his supervision to violate terms of a lease and violate Missouri law regarding a Notice to Vacate" and allowing "members of his eviction crew to steal large quantities of the Shulers' personal belongings." (Doc. No. 8 ¶ 100[*sic*]). Count Twenty expressly refers to the "Notice to Vacate," which, according to Plaintiffs was posted on the door of the premises in early July of 2015. To the extent Plaintiffs intend the phrase "Notice to Vacate" to refer to the state court order permitting eviction of Plaintiffs from the premises, that order was entered in August 2015 and was executed via the eviction on September 9, 2015. Thus, at the latest, Plaintiff's allegations in Count Twenty refer to conduct occurring no later than September 9, 2015. To the extent Count Twenty alleges a negligent hiring/retention/training claim under Missouri state law, such cause of action is subject to the five-year limitations period under RSMo. § 516.120. As Plaintiffs' Complaint is deemed filed on September 4, 2020, (Doc. 83), the state law claim of Count Twenty cannot be dismissed based on the applicable statute of limitations.

### CONCLUSION

For the foregoing reasons, Defendants Trent Cowherd's and Cowherd Construction Company, Inc.'s Motions to Dismiss (Docs. 104, 107) are **GRANTED IN PART AND DENIED**

**IN PART**. As to both Defendants, Counts One, Two, Four, Five, Six, Eight, Nine, Ten, Twelve, Thirteen, Fifteen, Sixteen, Eighteen, Nineteen, and the § 1983 claims of Count Twenty, are dismissed with prejudice. As to both Defendants, Counts Eleven, Fourteen (to the extent the claim for infliction of emotional distress is based on negligence), and the state law claim of Count Twenty, are not dismissed.

**IT IS SO ORDERED.**

Dated: January 20, 2022         */s/ Douglas Harpool*
                                **DOUGLAS HARPOOL**
                                **United States District Judge**