IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER AND ROGER SHULER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 6:20-cv-03281-MDH<br>) |
| JIM ARNOTT, et al., | )<br>) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Jim Arnott's, John Housley's, Christian Conrad's, Scott Harrison's, Debi Wade's, Jeremy Lynn's, and Greene County's Motion to Dismiss. (Doc. 86). Defendants John Housley and Greene County have already been dismissed in this case. (Doc. 139).[1] For the reasons set forth herein, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

All of Plaintiffs' allegations against the Moving Defendants regard an incident alleged to have occurred on September 9, 2015. Plaintiffs invoke Missouri law against the Moving Defendants in Counts 8-9, 10 (which invokes both Missouri law and § 1983), 11-14, 16, 18, 19, and 20 (which also invokes both Missouri law and § 1983). Plaintiffs invoke § 1983 claims against the Moving Defendants in Counts 1-7, 10, 19, and 20. The remaining Counts 15, 17, 21-22, are directed at separate defendants, and not against the Moving Defendants.

---

[1] Defendants Greene County and John Housley will not be referenced in this order due to their dismissal in Doc. 139. The other moving defendants may be referred to as "Defendants," "Moving Defendants," or "remaining Defendants".

1

Taking Plaintiffs' allegations as true, they lived in the State of Alabama for 27 years and were politically persecuted in that state by persons other than the Moving Defendants in retaliation for Roger posting material on his blog, *Legal Schnauzer*. Doc. 76, para. 29. Plaintiffs moved to Springfield, Missouri to avoid political persecution and because their Alabama home was foreclosed. *Id*., para. 29-30. In Springfield, both Plaintiffs were treated at Burrell Health Services and diagnosed with post-traumatic stress disorder. *Id*., para. 36. Roger's mother agreed to pay the rent for a duplex for Roger and Carol. *Id*., para. 37. In June of 2015, Roger's brother David Shuler told him that the landlord was willing to enter a new lease. *Id*., para. 41. On July 2, 2015, a notice was taped to Plaintiffs' door telling them to vacate. *Id*., para. 42. In August of 2015, Plaintiffs received notice of a rent and possession lawsuit being filed against them. *Id*., para. 43. On August 12, 2015, two employees of Burrell called 911 and reported that Roger had threatened to shoot officers in any attempted eviction and that Roger had a gun. *Id*., para. 46. On August 31, 2015, the court in the rent and possession case ruled in favor of the landlord for both rent and possession. *Id*, para. 44.

On September 2, 2015, David Shuler sent an email to Roger stating that Harrison had said that a dispatcher had reported that Roger called 911 and threatened to shoot anyone who attempted to evict the Plaintiffs. *Id*., para. 45. This email was inaccurate, because it was two Burrell employees, not Roger, who had called 911. *Id*., para. 46. Plaintiffs received notice that eviction was scheduled for September 9, 2015. *Id*., para. 42-3. Moving Defendant Housley, an attorney at the law firm of Lowther Johnson, acting in an advisory role to the Greene County Sheriff's Office, gave the go-ahead to proceed with the eviction. *Id*., para. 9, 50. On September 9, 2015, at approximately 2pm, Sheriff Arnott, along with Harrison, Lynn, plus other officers, burst into Plaintiffs' apartment. *Id*., para. 49. Harrison pointed an assault rifle at Roger. *Id*., para. 49. Lynn

handcuffed Carol and someone slammed Carol into the wall. *Id*. Sheriff Arnott handcuffed Roger. *Id*., para. 50. Carol then went in and out of the apartment to place personal items in the trunk of Plaintiffs' vehicle, but as she approached the apartment, Wade and Harrison blocked her path. *Id*., para. 51. An unknown officer approached Carol from behind and slammed her to the ground, then grabbed both of her arms and broke one of them. *Id*., para. 51. Carol was arrested and taken away in a squad car, and Roger was let go. *Id*., para. 51, 54. By the next morning, September 10, 2015, Carol had been let go and reunited with Roger at a hospital. *Id*., para. 56-7. After September 9, 2015, the Plaintiffs suffered from multiple acts of individuals other than the Moving Defendants. *See Id*., para. 55 *et seq*.

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id.*

## DISCUSSION

The instant Motion to Dismiss (Doc. 86) only argues that Plaintiffs' Second Amended Complaint must be dismissed as to Defendants based on applicable statutes of limitations and

3

Plaintiffs' failure to obtain service on Defendant within 90 days of filing their complaint as required by Federal Rule of Civil Procedure 4(m).

A. **Statutes of limitations argument**

For the purpose of statutes of limitations, the Court has made clear that Plaintiff's Complaint is deemed to have been filed on September 4, 2020, the date on which Plaintiffs filed their motion for leave to proceed *in forma pauperis*. (Doc. 83). Still, Defendants choose to argue that the Complaint must be dismissed because it was formally filed on January 29, 2021. Defendants argue that the Court erred in deeming Plaintiffs' Complaint to have been filed on September 4, 2020—the date Plaintiffs filed their motion to proceed *in forma pauperis*—because "tolling of limitations periods on state law claims [and § 1983 claims] is purely a matter of Missouri law; not federal law." (Doc. 87 at 14).

While Defendants are correct that tolling is a matter of state law, the issue as to when the Plaintiffs' original Complaint was deemed filed is a matter for the District Judge. Apart from Plaintiffs' delay in filing their Complaint, Defendants appear to argue that even if Plaintiffs had filed their Complaint immediately upon the Court granting their motion for leave to proceed *in forma pauperis*, the Complaint could not have been deemed to have been filed on the date the IFP motion was filed. Therefore, Defendants are simply arguing that the Court cannot use the September 4, 2020, IFP motion as the date the Complaint is deemed filed. Considering that the Court is not "tolling" the statutes of limitations, Defendants provide no argument as to how the Court has improperly deemed the Complaint to be filed on September 4, 2020.

The local rules for the Western District of Missouri provide that, in a case where a party files a motion for leave to file: "[i]f the Court grants the motion, the moving party must file and serve the pleading within 7 days after the Court grants the motion, or as the Court otherwise

4

directs." While admittedly, the Plaintiffs did fail to meet the Court's original 10-day directive, Plaintiffs did comply with the Court's subsequent show cause order. (Doc. 7). *See also*, *Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir.1987) (holding that the district judge did not abuse his discretion by deeming a complaint to be filed on the date the accompanying IFP motion was filed where the local rules provided that the district judge may "otherwise direct" when the complaint should be deemed filed.).

It is clear that Plaintiffs believed their Complaint to have been filed with their IFP motion because the Complaint was required to be filed alongside it. While this does not excuse Plaintiffs from their responsibilities to follow Court orders and conduct their actions in a timely manner, the Court does note the *pro se* status of Plaintiffs and the special considerations that come with that. As such, the Court used its discretion to deem that Plaintiffs' *pro se* Complaint to be filed on September 4, 2020.

### B. Failure to effect timely service argument

Defendants' only other argument in the instant Motion to Dismiss is that this case should be dismissed because Plaintiffs failed to timely serve Defendants as required by Fed. R. Civ. P. 4(m). Plaintiffs did not obtain service on any of the Moving Defendants within 90 days of either September 4, 2020 (the filing of Plaintiffs' *in forma pauperis* motion) or January 29, 2021 (the date the complaint was docketed). Defendants argue that Rule 4(m) mandates this Court to dismiss this case.

However, "under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v.*

*AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996). To warrant a discretionary extension, the plaintiff must establish excusable neglect. *See Colasante v. Wells Fargo Corp.,* 81 Fed.Appx. 611, 613 (8th Cir.2003) (per curiam) (unpublished) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002)).

Because Plaintiffs' failure to serve Defendants within 90 days did not prejudice any defendant, the running of statutes of limitations, and the *pro se* status of Plaintiffs, the Court exercises its discretion to apply a discretionary extension of the service time limit. *See, e.g.,* Rule 4, Advisory Committee Note to the 1993 Amendments, Subdivision (m) (discretionary relief may be justified if the statute of limitation would bar the refiled action); *Horenkamp v. Van Winkle and Co.,* 402 F.3d 1129, 1133 (11th Cir.2005) (finding notice to defendant, subsequent service and the running of the statute of limitation warranted discretionary extension); *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002) (evaluating whether actual notice, prejudice to the defendant and the effect of the statute of limitation running required a discretionary extension); *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1306 (3d Cir.1995) (holding "a district court may not consider the fact that the statute of limitation has run until after [the court] has conducted an examination of good cause"). Therefore, Plaintiffs' Second Amended Complaint is not dismissed for failure to comply with Fed. R. Civ. P. 4(m).

### § 1983 Claims

The applicable limitations period in § 1983 claims is borrowed from state statutes of limitations for general personal injury claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1985). In Missouri, § 516.120, RSMo. is the applicable limitations period for general personal injury claims. Thus, all § 1983 claims against the Moving Defendants are subject to the five-year limitation

6

Case 6:20-cv-03281-MDH   Document 142   Filed 01/20/22   Page 6 of 12

period set forth in § 516.120, RSMo Section 1983 claims against the Moving Defendants are subject to the five-year limitation period set forth in § 516.120, RSMo.

Defendants' only argument against the federal claims alleged against them is that the statute of limitations bars the claims. However, as discussed above, the Complaint was deemed filed on September 4, 2020. The relevant alleged events occurred on September 9, 2015. Therefore, the § 1983 raised against all remaining Defendants not already dismissed cannot be dismissed at this time.

## State Law Claims

As discussed above, for the purpose of statutes of limitations, the Court has made clear that Plaintiff's Complaint is deemed to have been filed on September 4, 2020, the date on which Plaintiffs filed their motion for leave to proceed *in forma pauperis*. (Doc. 83).

### a. Count Eight (Defamation)

Count Eight asserts defamation under Missouri law against Moving Defendants Sheriff Arnott. Doc. 8, p. 33. The fact allegations do not refer to the Defendant Arnott except that they incorporate allegations regarding the September 9, 2015 incident, and where Plaintiffs blame separate defendants for publishing defamatory statements "*to* the Greene County Sheriff's Office." Doc. 76, para. 101, 103 (emphasis added). In Missouri, the limitations period for defamation, whether libel or slander, is two years. §516.140, RSMo. Regardless of when the complaint is deemed to have been filed, it was certainly not filed within two years of the incident. Accordingly, Count Eight is dismissed as to the Defendant Arnott.

### b. Count Ten (Assault and Battery)

Count Ten is directed at Moving Defendants Sheriff Arnott, Housley, Conrad, Harrison, Wade, and Lynn. Doc. 76, p. 35. Both the separate torts of assault and battery are subject to a

7

Case 6:20-cv-03281-MDH   Document 142   Filed 01/20/22   Page 7 of 12

limitations period of two years. §516.140, RSMo. The fact allegations do not refer to the Moving Defendants except that they incorporate allegations regarding the September 9, 2015, incident. *Id*., para. 109. Regardless of when the complaint is deemed to have been filed, it was not filed within two years of the incident. Thus, Count Ten must be dismissed as to the Moving Defendants.

### c. Count Twelve (Invasion of Privacy and Identity Theft)

Count Twelve is directed at Moving Defendants Sheriff Arnott, Conrad, Harrison, Wade, and Lynn. Doc. 76, p. 37. Count Twelve does not refer to the Moving Defendants, other than by incorporating the September 9, 2015, allegations. *Id*., para. 114. Plaintiffs complain that unspecified defendants "caused an unlawful intrusion into Roger Shuler's private health-care records [including] a false notation re: 'delusional disorder' to be placed in the file." *Id*., para. 115. To the extent that Count Twelve presents a "false light invasion of privacy," due to a "false notation" in medical records, then it sounds in defamation, and the limitations period for both libel and slander is two years. §516.140, RSMo. Regardless of when the complaint is deemed to have been filed, it was not filed within two years of the September 9, 2015, incident. To the extent that Count Twelve regards physical intrusion into the Plaintiffs' apartment, it is duplicative to the common law trespass asserted in Count Eleven. In any event, Count Twelve does not state a separate claim that can survive the applicable limitations period. Count Twelve is therefore dismissed against Defendants.

## C. Three-Year Limitations Period (Counts Nine, Eleven, Thirteen, Fourteen, Sixteen, Eighteen, and Twenty)

Many of Plaintiffs' state law claims against Sheriff Arnott, Conrad, Harrison, Wade, and Lynn, including Counts Nine (abuse of process), Count Eleven (trespassing), Thirteen (personal injury/negligence), Fourteen (infliction of emotional distress), Sixteen (forcible entry and

8

detainer), Eighteen (conversion), and Twenty (failure to adequately hire, train, and supervise), are barred by the three-year limitations period set forth in § 516.130, RSMo. In full, this statute provides a limitations period stating:

Within three years:

(1) An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise;

(2) An action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state;

(3) An action under section 290.300.

In the context of § 516.130, RSMo., and unlike in § 1983 claims, the term "official capacity" refers *to the nature of the alleged acts* committed by the officer, and *does not* refer to the capacity in which the plaintiff seeks to hold the officer liable. *Rice v. City of Ferguson*, 2020 U.S. Dist. LEXIS 24328, *7, 2020 WL 709249 (E.D. Mo.)(*citing Dilley v. Valentine*, 401 S.W.3d 544, 553 (Mo.App. 2013). In other words, this statutory limitation applies *regardless of whether Plaintiffs seek to hold the officer individually or officially liable*, so long as the claims seek redress for "the doing of an act in [the officer's] official capacity and in virtue of his office[.]" *Id*.

In *Rice*, plaintiffs argued that the three-year limitations period set forth in § 516.130, RSMo. should not apply to individual state law claims against an officer for conversion and negligent infliction of emotional distress. *Id*. *4. In considering that argument, the Eastern District properly noted that "[t]he plain language of the statute requires the Court to determine whether the suit seeks redress for 'the doing of an act in [the officer's] official capacity and in virtue of his office[,]' not whether the plaintiff seeks to hold the officer personally liable for the doing of the

9

act." *Id*. (emphasis included). The Eastern District also looked to supporting Missouri caselaw in *Dilley v. Valentine*, where the Missouri Court of Appeals held that the three-year limitations period of § 516.130, RSMo. applied to claims against an Officer Valentine, because those claims involved the "doing of an act in his official capacity." In both *Rice* and *Dilley*, the respective courts determined that the limitations period in § 516.130, RSMo. applied by reviewing the nature of the alleged acts. Thus, in *Rice*, the court noted that:

> [i]n this case, Plaintiffs allege "[a]ll actions of Defendant Boyd set forth in this Complaint were done under the color of law[,]" and that "[a]t all times, Defendant Boyd acted under color of state law." Plaintiffs further allege that 'Defendant Boyd drove by in his [Ferguson Police Department] vehicle," arrested Mr. and Mrs. Rice for alleged violations of the law, called for back-up, put them in his police vehicle, and took them to jail. These allegations show that Boyd acted for work purposes rather than personal ones.

*Rice v. City of Ferguson*, 2020 U.S. Dist. LEXIS 24328, *8 (internal citations omitted). In *Dilley v. Valentine*, the Missouri Court of Appeals observed that:

> Ms. Dilley specifically alleged in her petition, "At all times relevant hereto, Defendant Valentine was employed as police officer by the City, and was on duty and acting within the course and scope of his employment as a police officer," and the defendants admitted this allegation in their answer. The record is also undisputed that at the time of the accident, Officer Valentine was working as a police officer and was in pursuit of a fleeing suspect who he had tried to stop after observing several traffic violations. Officer Valentine was acting in his official capacity.

*Dilley*, 401 S.W.3d at 533. In the case at bar, Plaintiffs specifically allege that Sheriff Arnott "served in that position at all times relevant," (Doc. 76, para. 4) and that Conrad, Harrison, Wade, and Lynn were all deputies who "served in that position at all times material to this action." *Id*., para. 20-23. Plaintiffs allege that individuals other than the Moving Defendants engaged in acts that they later characterized as "leading cops to bring, in essence, a SWAT team to the Shulers' residence – and leading to false allegations that Roger Shuler had placed a threatening call to 911,"

10

and that Sheriff Arnott, Harrison, Wade, and Lynn, along with other officers, were physically present and involved in the September 9, 2015 incident. Doc. 76, para. 46, 49-51, 54, 71.

Plaintiffs specifically accuse Sheriff Arnott of acting under color of state law in Count Nine. Doc. 76, para. 106. In Count Eleven, Plaintiffs allege that deputies Conrad, Harrison, Wade, and Lynn acted under the direction of Sheriff Arnott. *Id*., para. 111. In Count Thirteen, Plaintiffs incorporate by reference their allegations regarding September 9, 2015 and argue that "a bogus 911 call by Burrell Health, prompt[ed] the Greene County Sheriff's Office to enhance the number of officers, and the weaponry, assigned to the eviction." *Id*., para. 118, 119. In Count Fourteen, Plaintiffs allege that deputies Conrad, Harrison, Wade, and Lynn acted under the direction of Sheriff Arnott. In Count Sixteen, Plaintiffs incorporate by reference the same September 9, 2015 allegations, and argue "Burrell Health's 911 call …contributed greatly to this forcible entry." *Id*., para. 125-6. In Count Eighteen, Plaintiffs incorporate by reference the same September 9, 2015 allegations, and "[o]nce again, Burrell's bogus 911 all contributed greatly to forcible entry at the Shuler's residence and conversion of their possession." *Id*., para. 129.

In Count Twenty, Plaintiffs incorporate by reference the same September 9, 2015 allegations, and expressly assert that Sheriff "Arnott allowed deputies under his supervision to pursue an eviction that was unlawful…" *Id*., para. 134. The appointment of deputies falls within the scope of a sheriff's official duties. *See* § 57.201. RSMo. Thus, like the plaintiffs in *Rice* and in *Dilley*, Plaintiffs in the case at bar plainly seek redress against officers for "the doing of an act in [the officer's] official capacity and in virtue of his office," and all of these Missouri law claims are necessarily subject to the three-year limitations period set forth in § 516.130, RSMo. Regardless of when the complaint is deemed to have been filed, it was not filed within three years. Accordingly, Plaintiffs' state law claims against Sheriff Arnott, Conrad, Harrison, Wade, and

11

Lynn, including Counts Nine (abuse of process), Eleven (trespassing), Thirteen (personal injury/negligence), Fourteen (infliction of emotional distress), Sixteen (forcible entry and detainer), Eighteen (conversion), and Twenty (state law claim for failure to adequately hire, train, and supervise), are dismissed against all remaining Defendants.

## CONCLUSION

For the foregoing reasons, Defendants Jim Arnott's, Christian Conrad's, Scott Harrison's, Debi Wade's, and Jeremy Lynn's, Motion to Dismiss. (Doc. 86) is **GRANTED IN PART AND DENIED IN PART**.

As to Defendants Jim Arnott, Christian Conrad, Scott Harrison, Debi Wade, and Jeremy Lynn, Counts Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Sixteen, Eighteen, and the state law claim in Count Twenty are dismissed with prejudice. As to Defendant Jim Arnott, Count Eight is also dismissed with prejudice.

As to all remaining Defendants, Counts Two, Five, Six, Seven, Fourteen, Nineteen, and the federal law claims in County Twenty are not dismissed. As to Defendant Jim Arnott, Counts One, Three, and Four are additionally not dismissed.

**IT IS SO ORDERED.**

Dated: January 20, 2022      /s/ Douglas Harpool
                             **DOUGLAS HARPOOL**
                             **United States District Judge**