IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER AND ROGER SHULER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 6:20-cv-03281-MDH ) |
| JIM ARNOTT, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

Before the Court are several related pro se motions requesting the Court to reconsider its rulings on prior motions to dismiss in this case. (Docs. 156, 158, 159, 160, 161, 162, and 185). Specifically, Plaintiffs move the Court to reverse its rulings dismissing some or all claims against Defendants John Housely, Greene County, Don Schlueter, Burrell Behavioral Health and related defendants, Trent Cowherd, Cowherd Construction, and Lowther Johnson Attorneys at Law and related defendants. Plaintiffs also move the Court to "apply equitable tolling/estoppel to the instant case, especially as it applies to Defendants Jim Arnott, GCSO Deputies, John Housley, and Greene County." (Docs. 158, 185). Plaintiffs' motions are **DENIED**.

Pursuant to Federal Rule of Civil Procedure 54(b), a district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotations and citation omitted). The Court can consider an order "to correct any clearly or manifestly erroneous findings of fact or conclusions of law." *McCormack v. Adel Wiggins Group*, 2017 WL 1426009 at *2 (E.D. Mo. 2017).

1

Courts should use this power sparingly. Typically, a court should grant the motion to reconsider if the prior decision: "(1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a controlling or significant change in law since the issues were submitted to the Court." *Trickey v. Kaman Industrial Technologies Corp.*, 2011 WL 2118578 at *2 (E.D. Mo. 2011). "When evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Id.* Furthermore, even though a court "has the power to revisit prior decisions of its own in any circumstance, it should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Evans v. Contract Callers, Inc.*, 2012 WL 234653 at *2 (E.D. Mo. 2012), quoting *Christianson v. Colt Indust. Operating Corp.*, 486 U.S. 800, 817 (1988) (other internal citations and quotations omitted).

With respect to Plaintiffs' request that the Court apply equitable tolling to the instant case, the Court's decision to not apply equitable tolling was implicit in the Court's orders finding that certain claims fell outside of the applicable statute of limitations. Plaintiffs assert that "equitable estoppel" should apply but do not point to any basis under Missouri or federal law or for tolling limitations periods and merely asserts in conclusory fashion that the existence of criminal charges against Carol Shuler somehow justify equitable tolling, apparently as to all claims, by both Plaintiffs, against all defendants. Nothing in the complaint provides any grounds for concluding that the Moving Defendants actually prevented Plaintiffs from filing civil suit, or tricked them into not filing suit, for the entirety of period following September 9, 2015, leading up to September 4, 2020, when Plaintiffs filed their motion to proceed in forma pauperis. The cases cited by Plaintiffs

2

support this determination and undermine Plaintiffs' own assertions. Accordingly, Plaintiffs' motions requesting the Court apply equitable tolling to the instant case (Docs. 158, 185) are denied.

With respect to the remaining motions requesting the Court to reconsider its orders on defendants' motions to dismiss, the Court finds no legal or factual basis to do so. Plaintiffs merely attempt to reargue the same arguments briefed in their original responses to the motions to dismiss. There is no indication that the Court misunderstood a party, made a decision outside of the adversarial issues, or that its orders would be rendered incorrect because of any change in law since the issues were submitted to the Court. *Trickey.*, 2011 WL 2118578 at *2. Accordingly, Plaintiffs' motions for the Court to reconsiders its various orders on motions to dismiss (Docs. 156, 159, 160, 161, and 162) are denied.

## CONCLUSION

Based on the foregoing, Plaintiffs' motions to reconsider and apply equitable estoppel to the instant case (Docs. 156, 158, 159, 160, 161, 162, and 185) are **DENIED**.

**IT IS SO ORDERED.**

Dated: March 22, 2022      */s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**