IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER AND ROGER SHULER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 6:20-cv-03281-MDH ) |
| JIM ARNOTT, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court are six Motions from *Pro Se* Plaintiffs Carol and Roger Shuler. They are as follows: *Pro Se* Motion for Hearing to Assist Plaintiffs in Identifying the "John Doe" Defendant They Know Only as Mr. Blue Shirt (Doc. 249); *Pro Se* Motion to Conduct Limited Discovery of Defendants Burrell Behavioral Health and David Shuler (Doc. 250); *Pro Se* Motion to Conduct Limited Discovery to Determine if Don Schlueter Unlawfully Tape Recorded Plaintiffs (Doc. 251); *Pro Se* Motion to Set Aside Dismissal Order (Doc. 252); *Pro Se* Motion to Set Aside Ruling that Carol Shuler's Claims were Precluded under *Heck v. Humphrey* (Doc. 253); and *Pro Se* Motion for the Court to Grant Plaintiff's Outstanding Motions. (Doc. 260). Don Schlueter, formerly a *pro se* defendant in this matter who this Court dismissed on January 18, 2022, responded in opposition to Plaintiffs' Motion to Conduct Limited Discovery (Doc. 258). Plaintiffs replied to Schlueter's response in opposition. (Docs. 259). For purposes of this order, this Court considered all briefing listed above. For reasons herein, Plaintiffs' first five Motions (Docs. 249, 250, 251, 252, 253) are **DENIED**. Plaintiff's Motion for the Court to Grant Outstanding Motions (Doc. 260) is **MOOT**.

### I. Plaintiffs' Motion for Hearing to Assist Plaintiffs in Identifying the "John Doe" Defendant They Know Only as "Mr. Blue Shirt" (Doc. 249)

Plaintiffs seek from this Court a hearing to help identify the person Plaintiffs allege is responsible for breaking Carol Shuler's arm during an arrest following eviction in September 2015. Plaintiffs' Third Amended Complaint claims, "an unknown officer ('Mr. Blue Shirt') approached [Carol Shuler] from behind…grabbed Carol and slammed her butt-first into the ground…the officer then grabbed both her arms and violently yanked them in an upward and backward position, breaking her arm and (perhaps with assistance from two other deputies) put her in handcuffs." Doc. 212 at ¶ 51. Plaintiffs claim they have never been able to identify the officer responsible for breaking Carol Shuler's arm, "it's possible he is not part of the Greene County Sheriff's Office, perhaps coming from Alabama or some other federal agency." Doc. 212 at ¶ 97. Plaintiffs further claim, "a Probable Cause statement seems to identify [the officer responsible for breaking Carol's arm] as Lt. Christian Conrad, but [Plaintiffs] know that is not true." Doc. 212 at ¶ 51.

In support of their motion for investigative support from this Court, Plaintiffs cite only one Eighth Circuit holding. In *Munz v. Parr*, the Eighth Circuit held that "Rather than dismissing [an excessive force] claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). The present case, however, is not comparable. Unlike *Munz*, this Court has not dismissed Plaintiffs' complaint before service pursuant to 28 U.S.C. § 1915. Rather, Plaintiffs have had the opportunity to engage in discovery and this Court has not dismissed any excessive force claim against Mr. Blue Shirt. (Doc. 236 at 24-26). Further, unlike *Munz*, Plaintiffs have explicitly expressed doubt as to what law enforcement agency, if any, Mr. Blue Shirt is affiliated with. Plaintiffs indicate Mr. Blue Shirt may be part of local law enforcement in Alabama or perhaps some unnamed federal agency. Plaintiffs acknowledge that

the Greene County Sheriff's Office previously identified Mr. Blue Shirt as Officer Christian Conrad, but Plaintiffs simply rest on their conclusion that they "know that is not true." Doc. 212 at ¶ 51. In the present case, unlike *Munz*, there is simply no party this Court could order to disclose the identity of Mr. Blue Shirt. To the extent Mr. Blue Shirt is in fact part of the Greene County Sheriff's Office, Plaintiffs' allegations make sufficiently clear the Greene County Sheriff's Office has already identified Mr. Blue Shirt as Officer Conrad, although Plaintiffs refuse to accept or believe this concession for unspecified reasons.

Nonetheless, on July 12, 2023, this Court ordered Defendants Greene County, Missouri and Sheriff Arnott to identify, no later than July 24, 2023, each officer who directly engaged with Carol Shuler around the time of the eviction on September 9, 2023. (Doc. 263). The same order also instructed Plaintiffs to identify by the same date all officers who they believed handcuffed or physically restrained Carol Shuler during the eviction. (Doc. 263). Plaintiffs failed to respond to this Court's order. Defendants Greene County and Sheriff Arnott responded timely, informing this Court that the only officers who had direct contact with Carol Shuler on September 9, 2015 were Defendants Lynn, Wade, Conrad, and Harrison. (Doc. 264). Defendants Greene County and Arnott also acknowledge Defendant Arnott was present, but made no physical contact with Carol Shuler. (Doc. 264).

While Plaintiffs' allegations have made clear that they may have a valid excessive force claim against the officer they have identified as "Mr. Blue Shirt," it is also clear that Mr. Blue Shirt does not appear to be an officer with the Greene County Sheriff's Office. Plaintiffs' Third Amended Complaint specifically named Defendants Lynn, Wade, Conrad, and Harrison, all previously dismissed from this action. As discussed above, Plaintiffs' own allegations make clear that a probable cause statement from the underlying misdemeanor assault against case against Carol

3

Shuler appears to identify Mr. Blue Shirt as Christian Conrad, though Plaintiffs have repeatedly refused to accept this identification, for unknown reasons. Plaintiffs' Third Amended Complaint treats Mr. Blue Shirt and Defendant Conrad as entirely separate people alleged to have committed different actions. Further, Plaintiffs' Third Amended Complaint also makes clear that Plaintiffs themselves are unaware of whether Mr. Blue Shirt is associated with Greene County Sheriff's Office or some other unspecified law enforcement office. Altogether, there is simply nothing further this Court may do to assist Plaintiffs in identifying Mr. Blue Shirt. Accordingly, Plaintiffs' Motion for a Hearing to Assist Plaintiffs in Identifying the "John Doe" Defendant They Know Only as "Mr. Blue Shirt" (Doc. 249) is **DENIED**.

## II. Plaintiffs' Motions to Conduct Limited Discovery (Docs. 250, 251)

Plaintiffs seek leave from this Court to conduct limited discovery with Burrell Behavioral Health and David Shuler. Though Plaintiffs' specific request is unclear, it appears Plaintiffs seek leave to request information from Burrell Behavioral Health regarding a 911 call that Plaintiffs believe a Burrell employee made following a threat from Plaintiff Roger Shuler. For further argument, Plaintiffs direct this Court to paragraph eighteen of Plaintiffs' response in opposition (Doc. 248) to David and Paul Shuler's Motion for Judgment on the Pleadings. Paragraph eighteen, however, merely consists of a series of rhetorical questions that fail to show the relevance of the information Plaintiffs seek. Further, this Court previously dismissed Burrell from this litigation. (Doc. 134). Accordingly, to the extent Plaintiffs seek information from Burrell Behavioral Health, their request is **DENIED**. To the extent Plaintiffs seek information from David Shuler, Plaintiffs' request is also **DENIED**, as David Shuler remains a party in this litigation. Plaintiffs have not argued or asserted that they previously sought documents or answers from David Shuler on issues related to the 911 call, to which David Shuler failed to respond. Put differently, nothing leads this

4

Court to read Plaintiffs' request as a Motion to Compel production from David Shuler following failure to comply with a discovery request.

Plaintiffs also seek leave from this Court to conduct limited discovery with Don Schlueter. Though unclear, Plaintiffs appear to seek information to help determine whether Schlueter "unlawfully tape recorded a conversation in the Shulers' home, where they have an expectation of privacy." (Doc. 251). Like Burrell, however, Don Schlueter was previously dismissed from this action and is no longer a party. (Doc. 133). Further, it remains unclear how the information Plaintiffs appear to seek is relevant to Plaintiffs' claims, as Plaintiffs cite Missouri criminal statute in their Motion. Accordingly, Plaintiffs' Motion is **DENIED** as it relates to Don Schlueter.

### III. Plaintiffs' Motion to Set Aside this Court's Previous Dismissal Order (Doc. 252)

Plaintiffs argue that this Court must set aside this Court's prior order granting the 12(b)(6) Motion to Dismiss from Officers Jim Arnott, Christian Conrad, Scott Harrison, Debi Wade, and Jeremy Lynn, employees of the Greene County Sheriff's Office. (Doc. 236). Plaintiffs also suggest that, rather than setting aside the dismissal, this Court could simply order these former defendants to produce the name of Mr. Blue Shirt. In support, Plaintiffs seem to argue that these former defendants failed to comply with Rule 26 by failing to provide information that would have led Plaintiffs to uncover the identity of Mr. Blue Shirt. Plaintiffs, however, have offered nothing beyond conclusory allegations that these former defendants have violated Rule 26. Plaintiffs have not cited, for example, a specific discovery request that these former defendants left unanswered. Moreover, the dismissal in question occurred pursuant to a 12(b)(6) motion for failure to state a claim, indicating Plaintiffs suffered little to no prejudice from any alleged discovery violations. To the extent Plaintiffs request this Court set aside its prior 12(b)(6) dismissal of Jim Arnott, Christian Conrad, Scott Harrison, Debi Wade, and Jeremy Lynn, Plaintiffs' Motion is **DENIED**. To the

5

extent Plaintiffs seek this Court order Jim Arnott, Christian Conrad, Scott Harrison, Debi Wade, and Jeremy Lynn produce the identity of Mr. Blue Shirt, Plaintiffs' Motion is likewise **DENIED** for reasons more fully explained above.

### IV. Motion to Set Aside Ruling that Carol Shuler's Claims were Precluded under Heck v. Humphrey (Doc. 253)

Plaintiffs argue that this court erred when dismissing certain claims in this Court's prior order granting a Motion to Dismiss from Jim Arnott, Christian Conrad, Scott Harrison, Debi Wade, and Jeremy Lynn. Plaintiffs' present Motion, however, raises no new facts or law not previously considered by this Court. Accordingly, Plaintiffs' Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 26, 2023   /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**