IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER AND ROGER SHULER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 6:20-cv-03281-MDH ) |
| JIM ARNOTT, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

### I. Background

Before the Court is this Court's own Motion to Dismiss Counts Twenty-One and Twenty-Two of Plaintiff's Third Amended Complaint for Failure to State a Claim and Dismiss Remaining Claims for Lack of Jurisdiction. *Pro Se* Plaintiffs filed their original complaint January 29, 2021. (Doc. 8). Plaintiffs then filed an amended complaint, labeled Second Amended Complaint, October 29, 2021. (Doc. 76). With leave of this Court, Plaintiffs filed another amended complaint, labeled Third Amended Complaint, June 3, 2022. (Doc. 212). Plaintiffs' Third Amended Complaint consists of sixty-six pages and alleges many violations of both state and federal law against numerous defendants. Plaintiffs' allegations stem generally from an eviction during September 2015.

Each iteration of Plaintiffs' complaint alleges largely the same violations against the same Defendants. Plaintiffs' Third Amended Complaint is nearly identical to Plaintiffs' Second Amended Complaint. Plaintiffs' Third Amended Complaint lists as many as twenty-two known defendants, as well as numerous defendants whose identity remains unknown to Plaintiffs.

Plaintiffs' Third Amended Complaint lists no additional defendants beyond those identified in the Second Amended Complaint.

This Court has previously dismissed many defendants pursuant to 12(b)(6) Motions to Dismiss raised, prior to Plaintiffs' Third Amended Complaint. This Court previously dismissed the following counts against the following defendants while Plaintiffs' Second Amended Complaint remained active.

1) All counts against Don Schlueter. (Doc. 133).
2) All counts against C.J. Davis, Joshua Davis, Burrell Behavioral Health, Kathryn Mays. (Doc. 134).
3) All counts against Birmingham Water Works. (Doc. 135).
4) All counts against Spartan Value Investors. (Doc. 136).
5) All counts against Lowther Johnson Attorneys at Law, LLC and Craig Lowther. (Doc. 137).
6) All counts against Linda Thomas. (Doc. 138).
7) All counts against Greene Co., Missouri and John Housley. (Doc. 139).

In each abovementioned dismissal order, this Court did not specify whether the dismissal occurred with or without prejudice. Plaintiffs re-alleged each of these previously-dismissed counts in the Third Amended Complaint. These re-allegations, however, remain substantially identical to the claims previously dismissed by this Court. This Court's prior dismissal orders, therefore, should be deemed to apply also those counts re-alleged within Plaintiffs' Third Amended Complaint.[1]

---

[1] This Court also dismissed several, but not all, claims in Plaintiffs' Second Amended Complaint with prejudice against Defendants David Shuler, Paul Shuler, Trent Cowherd, and Cowherd Construction Company, Inc. (Docs. 140, 141). Plaintiffs nevertheless reasserted these previously-dismissed claims in their Third Amended Complaint. Any claim against Defendants David Shuler, Paul Shuler, Trent Cowherd, and Cowherd Construction

2

## II. Counts Twenty-One and Twenty-Two of Plaintiffs' Third Amended Complaint

Plaintiffs' Third Amended Complaint also alleges two new counts not previously asserted in Plaintiff's Second Amended Complaint. Count Twenty-One (mistakenly labeled by Plaintiffs as Count Twenty) brings a charge of conspiracy to interfere with civil rights under 42 U.S.C. § 1985 and Count Twenty-Two (mistakenly labeled by Plaintiffs as Count Twenty-One) alleges neglect to prevent conspiracy under 42 U.S.C. § 1986. Plaintiffs' Third Amended Complaint implicates "all defendants" in these two new charges, presumably including the abovementioned defendants who this Court previously dismissed from this action.

It is plain from the text of Counts Twenty-One and Twenty-Two in Plaintiffs' Third Amended Complaint, however, that Plaintiffs have failed to state claims under these counts for which relief may be granted against any defendant. Plaintiffs' Count Twenty-One claim invokes 42 USC § 1985(3) to argue, "conspirators took action to harm the Shulers because of Rogers' practice of his constitutionally protected right to practice journalism…Secondarily, certain conspirators harmed Roger and Carol to force them into homelessness, make them look crazy and incapable of handling their own affairs, forcing them into a conservatorship or guardianship that would greatly limit their rights and further a plan to cheat Roger out of his share of his parents' estate." Doc. 212 at ¶ 139. Elsewhere Plaintiffs allege, "deputies under Defendant Arnott's command ensured that the Shulers' computer was confiscated, making it impossible to blog…The same political forces that terrorized the Shulers in Alabama worked with Missouri connections…to continue terrorism against the Shulers…all driven by a pathological drive to shut down Roger

---

Company, Inc previously dismissed with prejudice is likewise dismissed with prejudice from Plaintiffs' Third Amended Complaint.

3

Case 6:20-cv-03281-MDH    Document 266    Filed 07/26/23    Page 3 of 8

Shuler's reporting on his blog." Doc. 212 at ¶ 69. Apart from these vague and conclusory allegations, however, Plaintiffs have failed to assert other facts that would allow this Court to understand how certain people worked together to effectuate an unconstitutional goal or how any alleged conspiracy led to Plaintiffs' eviction. Plaintiffs' have not, for example, offered specific allegations as to particular actions taken by defendants that demonstrate an agreement to prevent Roger Shuler's blogging or reporting. The Eight Circuit has held § 1985 claims require "allegations of a conspiracy [be] pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." *Kelly v. City of Omaha, Neb.*, No. 14-3446, 2016 WL 660117 (8th Cir. Feb. 18, 2016) (citations omitted). Mere conclusions are insufficient. Without additional factual allegations, Plaintiffs have failed to sufficiently allege any combination of defendants interacted amongst themselves or with others with the purpose of stripping from Roger Shuler any constitutionally protected right related to blogging or reporting.

Under Count Twenty-Two, Plaintiffs invoke 42 USC § 1986 to assert "all defendants" failed to prevent the alleged conspiracy at issue in Count Twenty-One. A successful § 1986 claim, however, requires defendants have actual knowledge of the § 1985 violation. *Brandon v. Lotter*, 157 F.3d 537, 539 (8th Cir. 1998). Here, because, as discussed above, Plaintiffs' Third Amended Complaint has failed to allege sufficient factual allegations to show conspiracy, Plaintiffs likewise have alleged insufficient facts to show any defendant has negligently failed to prevent conspiracy.

Taken together, Plaintiffs have alleged insufficient facts under Counts Twenty-One and Twenty-Two to state a plausible claim for relief. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").Therefore, on the Court's own motion, Plaintiffs' Counts Twenty-One and Twenty-Two of the Third

Amended Complaint are dismissed with prejudice as to all defendants listed in the Third Amended Complaint.

### III.  Clarifying Remaining Claims

In light of the dismissals discussed above as well as this Court's prior dismissal with prejudice of Jim Arnott, Christian Conrad, Scott Harrison, Debi Wade, and Jeremy Lynn (Doc. 236), the following is a comprehensive list of the Counts within Plaintiffs' Third Amended Complaint that remain active.[2]

1) **Defendant David Shuler**: Count Ten (labeled Count Nine) Abuse of Process under Missouri state law; Count Twelve (labeled Count Eleven) trespass under Missouri state law; Count Fourteen (labeled Count thirteen) negligence under Missouri state law; and Count Fifteen (labeled Count Fourteen) infliction of emotional distress under Missouri law (only to the extent the infliction of emotional distress charge contemplates negligent rather than intentional infliction of emotional distress); Count Nineteen (labeled Count Eighteen) conversion under Missouri state law.

2) **Defendant Paul Shuler**:  Count Ten (labeled Count Nine) Abuse of Process under Missouri state law.

3) **Defendant Trent Cowherd**: Count Twelve (labeled Count Eleven) trespass under Missouri state law; Count Fifteen (labeled Count Fourteen) infliction of emotional distress under Missouri law (only to the extent the infliction of emotional distress charge

---

[2] Plaintiffs' Third Amended Complaint lists Gregory Lulich as a defendant under Count One and Count Ten (labeled Count Nine). It is questionable whether Plaintiffs intended to bring any claims against Mr. Lulich in their Third Amended Complaint, as Plaintiffs do not list Mr. Lulich among the parties to this litigation. (Doc. 212 at 2-6). Further, the Third Amended Compliant lacks factual allegations about Mr. Lulich sufficient to state a claim for which relief may be granted. Mr. Lulich also appears to never have been properly served in this matter. (Doc. 20). Therefore, to the extent Plaintiffs' Third Amended Complaint contemplates charges against Mr. Lulich, those charges are dismissed with prejudice for improper service and failure to state a claim for which relief may be granted.

contemplates negligence rather than intentional infliction of emotional distress); Count 23 (labeled Count 22) Failure to Train/Hire Missouri state law claims only; Count 24 (labeled Count 23) contract breach; Count Twenty-Five (labeled Count Twenty-Four) wrongful eviction under Missouri state law.

4) **Defendant Cowherd Construction Company, Inc.**: Count Twelve (labeled Count Eleven) trespass under Missouri state law; Count Fifteen (labeled Count Fourteen) infliction of emotional distress under Missouri law (only to the extent the infliction of emotional distress charge contemplates negligence rather than intentional infliction of emotional distress); Count 23 (labeled Count 22) Failure to Train/Hire Missouri state law claims only; Count 24 (labeled Count 23) contract breach; Count Twenty-Five (labeled Count Twenty-Four) wrongful eviction under Missouri state law.

5) **Defendant "Mr. Blue Shirt" (identity remains unknown to Plaintiffs)**: all counts of the Third Amended Complaint in which Mr. Blue Shirt is implicated, except Counts Twenty-One and Twenty-Two, pursuant to this Court's above dismissal of those two counts.

6) **Unknown defendants in the eviction crew and unknown conspirators from Alabama**: all counts of the Third Amended Complaint in which these presently unknown defendants are implicated, except Counts Twenty-One and Twenty-Two, pursuant to this Court's above dismissal of those two counts.

IV. Claims Against Unknown and Unnamed Defendants

With the dismissal, as described above, of Counts Twenty-One and Twenty-Two of Plaintiffs' Third Amended Complaint, the only remaining federal question claims consist of certain allegations against defendants who remain unknown and/or unidentified. Specifically, these are

"Mr. Blue Shirt," who this Court has attempted to assist Plaintiffs in identifying, as well as various unknown defendants in the eviction crew and alleged conspirators from Alabama. Plaintiffs filed their complaint January 29, 2021. After filing multiple amended complaints, discovery in this matter finally closed June 14, 2023 and dispositive motions were due July 14, 2023. Despite the benefit of an extended discovery period, Plaintiffs have not sought to substitute any specific person for any unnamed defendant. The Eighth Circuit has held that dismissal without prejudice is proper after the benefit of discovery where a plaintiff has failed to identify and substitute a previously unknown defendant for a named defendant. *See Phelps v. U.S. Fed. Gov't*, 15 F.3d 735, 739 (8th Cir. 1994) (upholding dismissal without prejudice of unnamed defendants); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (dismissal of unnamed defendants at motion to dismiss stage unwarranted when discovery could help prove identification). Because Plaintiffs have had an extended discovery period and nonetheless failed to identify any currently-unnamed defendant, Plaintiffs' Third Amended Complaint is dismissed without prejudice as to all unnamed defendants, specifically Mr. Blue Shirt as well as unnamed members of the eviction crew and alleged conspirators from Alabama.

**V. Remaining Missouri State Law Claims Against Defendants David Shuler, Paul Shuler, Trent Cowherd, and Cowherd Construction Company, Inc.**

Jurisdiction of federal courts remains limited to matters that arise out of federal law or disputes between parties from different states or countries. 28 U.S.C. §§ 1331, 1332. The only remaining claims in this matter are the Missouri state law claims against Defendants David Shuler, Paul Shuler, Trent Cowherd, and Cowherd Construction Company, Inc. Nothing in the record suggests the parties involved in the remaining claims satisfy the demands of diversity jurisdiction. Plaintiff's Third Amended Compliant makes clear that Plaintiffs as well as Defendants David

Shuler, Paul Shuler, Trent Cowherd, and Cowherd Construction Company, Inc reside in Springfield, Missouri. Accordingly, this Court lacks jurisdiction to decide the remaining state law claims against Defendants David Shuler, Paul Shuler, Trent Cowherd, and Cowherd Construction Company, Inc. Accordingly, those claims remaining are dismissed without prejudice due to lack of jurisdiction.

## CONCLUSION

For foregoing reasons, Counts Twenty-One and Twenty-Two of Plaintiff's Third Amended Complaint are dismissed with prejudice for failure to state a claim. All counts against unnamed defendants, Mr. Blue Shirt as well as members of the eviction team and alleged conspirators from Alabama, are dismissed without prejudice for Plaintiffs' failure to identify these unnamed defendants following discovery. All remaining Missouri state law claims against Defendants David Shuler, Paul Shuler, Trent Cowherd, and Cowherd Construction Company, Inc. are dismissed without prejudice for lack of federal jurisdiction. Defendants David and Paul Shuler's Motion for Judgment on the Pleadings (Doc. 244) is moot.

**IT IS SO ORDERED.**

Dated: July 26, 2023 　　　　　　　　　　　　　　　　　　　　　　　 */s/ Douglas Harpool*　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**